THE STATE OF OHIO, APPELLEE, *v.* CHANDLER, APPELLANT.

(No. 57731—Decided December 4, 1989.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Beverly J. Pyle,* assistant county public defender, for appellant.

STILLMAN, J. On December 14, 1988, appellant, George P. Chandler, along with a co-defendant, was indicted by a Cuyahoga County Grand Jury under a four-count indictment charging one count of violation of R.C. 2925.11 (possession of cocaine); one count of violation of R.C. 2925.11 (possession of Talwin); one count of violation of R.C. 4729.51 (possession for sale of PBZ); and one count of violation of R.C. 2923.24 (possession of criminal tools). In the possession-of-criminal-tools count, the state alleged that appellant "possessed or had under [his] control a substance, device, instrument or article with purpose to use it criminally, to wit: syringes." Appellant was found not guilty on the three drug possession counts, but guilty of the fourth count, possession of criminal tools. On April 6, 1989, Judge Patricia A. Cleary sentenced appellant to an eighteen-month prison term.

On April 12, 1989, appellant's counsel moved the court for resentencing, asserting that: "[s]ince Mr. Chandler was found guilty of possession [of] syringes only, the maximum penalty that should have been imposed was ninety (90) days in jail under R.C. 2925.12, 'possessing drug abuse instruments.' " The trial judge summarily denied appellant's motion.

On appeal to this court, appellant requested we set bond pending disposition of the case. Appellant argued that he "should have been found guilty of possessing drug abuse instruments in violation of R.C. 2925.12, a misdemeanor of the second degree, and not of possession of criminal tools in violation of R.C. 2923.24, a felony of the fourth degree." Appellant cited *State v. Volpe* (1988), 38 Ohio St. 3d 191, 527 N.E. 2d 818, in support of his argument. This court denied appellant's request for bond and subsequently denied appellant's request for reconsideration.

On August 7, 1989, appellant initiated an action for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. Upon receipt of the respondent's return of writ, the action was referred to a United States Magistrate for report and recommendation pursuant to Section 636(b)(1)(B), Title 28, U.S. Code and Loc. R. 19.08. The magistrate, in a detailed, thorough report, found that "there is not the slightest doubt that the petitioner in this action in habeas corpus has been the victim of a miscarriage of justice, violation of federal constitutional guarantees.* * *" The magistrate stated:

"As it is manifestly clear that under *Volpe* the petitioner could not properly be convicted of anything other than a misdemeanor offense carrying a term of imprisonment of no more than ninety days, his eighteen month sentence was not only statutorily impermissible under Ohio law, it was also constitutionally infirm. As held in *Stiltner* v. *Rhay,* 258 F. Supp. 487, 491 (E.D. Wash. 1965), *aff'd* 367 F. [2d] 148 (9th Cir. 1966), *cert. denied,* 385 U.S. 941 (1966):

" [']Where a court is without authority to pass a particular sentence, such sentence is void, and the defendant imprisoned under it is entitled to relief by habeas corpus. *See, Hans Nielsen,* 131 U.S. 176, 182, 9 S. Ct. 672, 33 L. Ed. 118 (1889).[']"

The magistrate recommended that the court enter an order granting appellant relief in habeas corpus and directing that he be released forthwith. The United States District Judge adopted the report and recommendation of the magistrate in almost all parts. The court ordered that the petition for habeas corpus be held in abeyance pending the petitioner's exhaustion of state remedies. The court ruled, however, that the appellant's motion for bail be granted and that he be released upon posting an unsecured appearance bond.

This case is now before the court on direct appeal of appellant's conviction and sentence. Appellant assigns the following three errors for review:

"I. The trial court erred in denying Mr. Chandler's motion for suppression and in admitting in evidence State's Exhibits One through Four against Mr. Chandler because the evidence has been seized by the Cleveland police in violation of Article One, Section Fourteen of the Ohio Constitution and the Fourth and Fourteenth Amendment[s] of the United States Constitution.

"II. Mr. Chandler's right to due process of law, as guaranteed by the United States and Ohio Constitutions, was denied when he was convicted [of] possession of criminal tools on evidence which was insufficient as a matter of law to support the conviction.

"III. Mr. Chandler was deprived of his liberty without due process of law by his conviction and sentencing for possession of criminal tools in violation of R.C. 2923.24, a felony of the fourth degree."

We will start our discussion with appellant Chandler's third assignment of error.

I

Appellant is absolutely correct in his position that his alleged possession of syringes could not be punished as anything other than a misdemeanor under R.C. 2925.12 and could not constitute possession of criminal tools under R.C. 2923.24.[1] Appellant rightly

---

[1] Appellant does not concede that he unlawfully possessed syringes. Appellant, only for purposes of argument, states that an unlawful possession of syringes constitutes a misdemeanor and therefore his conviction under R.C. 2923.24 must be vacated.

concludes that his conviction under R.C. 2923.24 must therefore be vacated.

R.C. 2923.24 (possessing criminal tools) provides in part:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"* * *

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use.

"(C) Whoever violates this section is guilty of possessing criminal tools, a felony of the fourth degree."

R.C. 2925.12 (possessing drug abuse instruments) provides in part:

"(A) No person shall knowingly * * * possess * * * or use any instrument, article, or thing whose customary and primary purpose is for the administration or use of a dangerous drug, other than marijuana, when the instrument involved is a hypodermic or syringe * * *.

"* * *

"(C) Whoever violates this section is guilty of possessing drug abuse instruments, a misdemeanor of the second degree. * * *"

In *State* v. *Volpe* (1988), 38 Ohio St. 3d 191, 527 N.E. 2d 818, the Supreme Court discussed the interaction between R.C. 2923.24 (possessing criminal tools) and R.C. 2915.02(A)(5), which criminalized as a misdemeanor the possession of any gambling device with intent to engage in gambling activities. The defendants in *Volpe* had been convicted under R.C. 2923.24. The Supreme Court ruled the felony convictions under R.C. 2923.24 could not stand in light of the specific misdemeanor offense defined in R.C.

2915.02(A)(5). In reversing the convictions, the court stated:

"Well-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes. R.C. 1.51 states that:

" 'If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.'

"R.C. 2915.02(A)(5) and 2923.24 are irreconcilable. R.C. 2915.02(A)(5), in conjunction with R.C. 2915.02(F), treats possession of a gambling device as a first degree misdemeanor. As such, a person convicted of violating R.C. 2915.02(A)(5) could receive no prison sentence or a prison sentence of up to six months. See R.C. 2929.21. R.C. 2923.24 makes possession of criminal tools, arguably such instruments as gambling devices, a fourth degree felony, carrying a minimum prison sentence of six months and a maximum prison sentence of five years. See R.C. 2929.11. Therefore, since R.C. 2915.02 and 2923.24 provide for different penalties for the same conduct, they cannot be construed to give effect to both. R.C. 2915.02 [footnote omitted] and 2923.24 were enacted effective January 1, 1974, as part of the modern Ohio Criminal Code. Therefore, under R.C. 1.51, the general law, R.C. 2923.24, does not prevail as being the 'later adoption.' Further, the fact that the General Assembly enacted R.C. 2915.02(A)(5) to reach possession and control of gambling devices indicates that it did not intend for R.C. 2923.24

to reach possession and control of such devices.

"Although it was dicta, we observed in *State* v. *McDonald, supra,* at 50, 31 OBR at 157, 509 N.E. 2d at 60, fn. 1, that 'there are statutes prohibiting possession of specific articles, such as R.C. 2915.02(A)(5) (gambling devices) *and R.C. 2925.12 (drug abuse instruments).* The General Assembly has manifested a specific intent to classify possession of those articles as misdemeanors. These specific provisions would control over the general provision in R.C. 2923.24. R.C. 1.51.' [Emphasis added.]

"* * *

"Given that the General Assembly clearly enacted R.C. 2915.02(A)(5) to reach criminal possession and control of a gambling device and classified such conduct as a misdemeanor of the first degree under R.C. 2915.02(F), we hold that R.C. 2923.24, a general statute prohibiting possession and control of criminal tools and classifying such conduct as a fourth degree felony, cannot be used to charge and convict a person of possessing and controlling a gambling device. Accordingly, we reverse the judgment of the court of appeals and remand these two cases to the trial court for disposition consistent with this opinion." *Id.* at 193-194, 527 N.E. 2d at 820-821.

In *Volpe* the Supreme Court, in dicta, specifically referred to R.C. 2925.12 (possessing drug abuse instruments) as taking precedence over R.C. 2923.24. Further, and more important, the rationale of *Volpe* applies completely to appellant's conviction. As in *Volpe,* we are dealing in the present case with a conflict between a general statute, R.C. 2923.24, and a specific statute, R.C. 2925.12. In *Volpe,* as in the present case, the statutes are irreconcilable and provide "different penalties for the same conduct." *Volpe, supra,* at 193, 527 N.E.

2d at 820. Therefore, R.C. 2923.24 cannot take precedence over R.C. 2925.12, the later-enacted, more narrow statute. We agree *in toto* with the following statement of the United States Magistrate in the habeas corpus proceeding and adopt it as our holding:

"* * * [T]he ultimate holding of the Ohio Supreme Court must apply to this case, by simply substituting reference in the *Volpe* decision to [R.C.] 2915.02(A)(5) with reference to [R.C.] 2925.12 and reference to 'a gambling device' with reference to 'a syringe,' so that the following rule would evolve:

"['] Given that the General Assembly clearly enacted [R.C. 2925.12(A)] to reach criminal possession and control of [a syringe] and classified such conduct as a misdemeanor of the [second] degree under [R.C. 2925.12(C)], we hold that R.C. 2923.24, a general statute prohibiting possession and control of criminal tools and classifying such conduct as a fourth degree felony, cannot be used to charge and convict a person of possessing and controlling [a syringe].[']"

Appellant's third assignment of error is well-taken. *Volpe* makes it clear that appellant could have been convicted only of a misdemeanor offense carrying a term of imprisonment of no more than ninety days. His conviction under the criminal tools statute and his eighteen-month sentence were not only statutorily impermissible under Ohio law, they were also constitutionally infirm. We agree completely with the report issued by the United States Magistrate which concludes that appellant was the victim of a miscarriage of justice and was forced to be imprisoned for double the time that the maximum lawful sentence allowed. Appellant's conviction under R.C. 2923.24 (possessing criminal tools) is therefore vacated.

## II

### A

In appellant's remaining assignments of error he argues that the trial court erred in not granting his motion to suppress and that his conviction for possessing criminal tools was unsupported by sufficient evidence. After a review of the record, we determine that appellant's assigned errors are meritorious.

The record reveals that on October 31, 1988, the Cleveland Police Department SWAT Unit was conducting a drug sweep at the Outhwaite housing projects. Patrolman Gneu, an officer with that unit, testified that at approximately 10:45 p.m. he observed a van parked in a field. He stated that he "observed two objects inside the van, and there was a lot of shuffling around, moving around, inside of the van." Gneu stated that he approached the van, with his weapon drawn, and ordered the occupants out. Appellant Chandler was seated behind the wheel and his co-defendant was seated in the passenger seat. The record indicates that appellant and the co-defendant were handcuffed and told to kneel in front of the van. At this point additional police officers arrived at the scene. Gneu entered the van, determined that there were no other occupants, and then examined the contents of a paper bag which he found on the front seat which allegedly contained syringes, cash, white powder and pills.

At the suppression hearing, appellant contended that *State* v. *Bobo* (1988), 37 Ohio St. 3d 177, 524 N.E. 2d 489, governed the case and clearly showed that the present facts were not analogous to the *Bobo* facts. In *Bobo,* the court found that an investigatory stop and subsequent protective search for the safety of police officers was proper given the totality of the circumstances in that case. The specific circumstances in *Bobo* were as follows:

(1) The area was an area of very heavy drug activity in which weapons were prevalent;

(2) It was nighttime, when weapons could easily be hidden;

(3) One of the officers who approached the vehicle in which Bobo was sitting had previously made about five hundred arrests each for guns or drugs city-wide and over one hundred arrests in the area where defendant Bobo was parked;

(4) That officer knew how drugs were transacted in that area;

(5) That officer saw defendant Bobo bend down as if to hide something in his car;

(6) That officer's experience of recovering weapons or drugs suggested that defendant Bobo's gesture of ducking was to conceal a gun or drugs; and

(7) The police were away from the protection of their vehicle when they approached defendant. *Id.* at 179, 524 N.E. 2d at 491.

The similarities between the circumstances in *Bobo* and the circumstances in the present case are minimal. Officer Gneu's testimony indicates that the police stopped to investigate appellant because he was in an area of high drug activity. There is no evidence, as there was in *Bobo,* that the officer has any specific experience in either drugs or weapons arrests. Also, there is no evidence of furtive movements as there was in *Bobo.* Gneu testified that appellant "was rustling around, looking in the van and stuff like that." We are unsure what "rustling around" means and how this could possibly be bootstrapped up to the equivalent of the furtive movements described in *Bobo.* In *Bobo,* the defendant ducked down as if to hide or retrieve something. Appellant, in the present case, may have simply shifted

his weight, turned to talk to his passenger, scratched his back, or performed any number of small ordinary movements. Appellant's "rustling around" did not amount to the type of furtive movements described in *Bobo*. In this instance the officer's testimony was vague and insufficient. Further, Gneu never testified that he searched the van in order to ensure his safety or the safety of others. In fact, he stated that the defendants "were of no immediate threat." There existed no basis pursuant to *Terry* v. *Ohio* (1968), 392 U.S. 1, for the stop and search of appellant and his van.

No specific articulable facts other than the fact that appellant was parked in a high crime area and that he "rustled" in his seat were present. The trial court's denial of appellant's motion to suppress was error as its ruling would establish the dangerous proposition that a person's mere presence in an area of high crime activity suspends the protections of the Fourth and Fourteenth Amendments to the United States Constitution.

### B

Appellant's claim that his conviction was unsupported by sufficient evidence is also well-taken. The record reveals that the drugs which formed the basis of the three counts upon which petitioner was acquitted and the syringes which formed the basis for the count upon which he was convicted were all found in the same paper bag seized from appellant's van in which he and his co-defendant were seated. Appellant was never observed holding the bag.

Appellant denied any knowledge of the contents of the van. Amazingly, the syringes, which formed the basis of appellant's conviction, were never produced at trial. The state asserted that the syringes had been inadvertently lost. Again, we agree with the magistrate who stated that he could not see a "rational basis for the jury's verdict * * * [that appellant was] not guilty of possessing the * * * [drugs in] the bag which were physically produced at trial but guilty of possessing the * * * syringes in the bag which were not produced at trial]."

The conviction could not stand if the motion to suppress the syringes was granted, as it should have been. Assuming for purposes of argument that evidence of the syringes' existence was properly before the jury, the conviction nonetheless could not stand as the state failed to prove beyond a reasonable doubt the elements of R.C. 2923.24. The state failed to show beyond a reasonable doubt that appellant possessed or had under his control the syringes, and failed to show beyond a reasonable doubt that appellant possessed syringes with purpose to use them criminally. See *Jackson* v. *Virginia* (1979), 443 U.S. 307. Appellant's first and second assignments of error are well taken.

Accordingly, appellant's conviction for possession of criminal tools is also vacated for the reason that his conviction was unsupported by sufficient evidence.

*Judgment reversed.*

JOHN V. CORRIGAN, P.J., concurs.

NAHRA, J., concurs separately.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

NAHRA, J., concurring. I concur although I feel the evidence could support a finding that defendant possessed the paper bag and its contents.