**CHANDLER, Appellant,**

v.

**The STATE of Ohio, Appellee.**

[Cite as *Chandler v. State* (1994), 95 Ohio App.3d 142.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65436.

Decided May 16, 1994.

*Robert A. Dixon,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael Pokorny,* Assistant Prosecuting Attorney; *Lee Fisher,* Attorney General, and *Gary D. Andorka,* Assistant Attorney General, for appellee.

———————

DONALD C. NUGENT, Judge.

This is an appeal from a final judgment of the Cuyahoga County Court of Common Pleas dismissing the petition for a determination of wrongful imprisonment filed by plaintiff-appellant, George P. Chandler.

Appellant filed the instant petition on July 11, 1991 seeking a judicial determination that he was a wrongfully-imprisoned individual pursuant to R.C. 2305.02 and 2743.48. Appellant was originally charged, in a four-count indictment, with three counts of drug abuse in violation of R.C. 2925.11 (counts one and two) and R.C. 4729.51 (count three) and one count of possession of criminal tools in violation of R.C. 2923.24 (count four). Following a jury trial, appellant was found not guilty on three counts of drug abuse but guilty of the fourth count charging him with possession of criminal tools. Appellant was sentenced to a term of incarceration of eighteen months.

On appeal, this court reversed and vacated appellant's conviction for possession of criminal tools. *State v. Chandler* (1989), 54 Ohio App.3d 92, 560 N.E.2d 832.

This court unanimously held that appellant could not be convicted under the criminal tools statute, a fourth-degree felony, in light of the more specific statute forbidding possession of instruments of drug abuse, a second-degree misdemeanor. This court concluded that the two statutes were irreconcilable and provided different penalties for the same conduct. As a result, appellant's conviction under the criminal tools statute and his eighteen-month sentence were deemed statutorily impermissible and constitutionally infirm. Appellant's conviction was, therefore, reversed and vacated.

This court additionally found, with one judge dissenting, that appellant's conviction for possession of criminal tools was unsupported by sufficient evidence. The dissenting judge, however, believed that the evidence could support a finding that appellant "possessed the paper bag and its contents." *Id.* at 97, 560 N.E.2d at 838.

Thereafter, appellant filed the instant petition. The state of Ohio filed a motion to dismiss, and the cause was heard, by stipulation of the parties, on the briefs of counsel and the transcript from appellant's jury trial, and upon a stipulation that appellant's codefendant had exonerated appellant and taken full responsibility for possession of the bag and its contents.

A review of the trial transcript reveals the following pertinent facts:

Patrolman James Gneu, a member of the Cleveland Police Department SWAT Unit, testified that on October 31, 1988, his SWAT Unit was assigned to the Outhwaite Housing Projects in a backup role to conduct drug sweeps in response to citizen complaints. At approximately 10:45 p.m., Gneu observed a van parked next to a large tree in an open field cluttered with debris and weeds. Gneu and his partner approached the van in an unmarked police car and illuminated the van with their front headlights. Gneu observed two males shuffling and moving around inside the van.

It was learned that the van belonged to appellant. Gneu stated that appellant was seated in the driver's seat while his codefendant, Mildon Ball, sat in the passenger's seat.

After ordering the occupants out of the van, Gneu conducted a quick search of the van to make sure there were no other occupants inside. Gneu observed a brown paper bag between the two front seats. Gneu stated that the brown bag was easily accessible to either the driver or the passenger of the van. Gneu checked the bag for weapons and observed twenty-eight syringes and $418.40 in cash inside the bag. Additionally, inside the brown paper bag, Gneu found a second bag containing thirteen yellow pills and a white powder. The white powder later tested positive for cocaine, while the yellow pills tested positive as Talwin.

Appellant testified that he always parked his van in the field near his apartment since he did not have a parking permit. On the night in question, he was at home in bed watching TV when Mildon Ball knocked on his door. At Ball's request, appellant agreed to take Ball to the hospital. Appellant and Ball proceeded to appellant's van, which was parked in the field, when he noticed a woman whom he had previously seen around his apartment complex. The woman wanted appellant to drive her to an undisclosed location. The unidentified woman then left the brown paper bag on the seat and said she would come back.

Appellant said he did not look inside the bag, nor did anyone tell him what was inside. Appellant further denied knowing that there were drugs, syringes or money inside the bag. Before the woman could return, the police arrived and placed appellant and Ball under arrest for possession of a controlled substance and possession of criminal tools.

Ball was also convicted as a result of his involvement in the above situation. After Ball's release from imprisonment, he was interviewed jointly by the parties. The parties agreed that Ball took full blame for possession of the bag and its contents. Ball also corroborated appellant's testimony that an unidentified woman had placed the brown paper bag in the van.

Based on the above evidence, the trial court granted the state's motion to dismiss. In a written decision denying appellant's petition, the trial court noted that "[t]he claimant has not presented credible evidence that proves by a preponderance of the evidence that the crime was never committed by anyone or that he did not commit the crime for which he was convicted or any lesser included offenses." Appellant timely appeals the trial court's decision raising the following sole assignment of error for our review:

"The lower court erred in dismissing appellant's petition for determination of wrongful imprisonment pursuant to R.C. 2305.02 and R.C. 2743.48."

Appellant maintains that the trial court erred in dismissing his petition. Appellant argues that he demonstrated, by a preponderance of the evidence, that the offense for which he was incarcerated was not committed by him.

R.C. 2305.02 provides common pleas courts with exclusive, original jurisdiction to hear and decide claims for a determination of wrongful imprisonment. R.C. 2305.02 states:

"A court of common pleas has exclusive, original jurisdiction to hear and determine an action or proceeding that is commenced by an individual who satisfies divisions (A)(1) to (4) of section 2743.48 of the Revised Code and seeks a determination by the court that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not

committed by any person. If the court enters the requested determination, it shall comply with division (B) of that section."

In order to demonstrate that a claimant is a "wrongfully imprisoned individual," the claimant must comply with R.C. 2743.48. R.C. 2743.48(A) states:

"As used in this section, a 'wrongfully imprisoned individual' means an individual who satisfies each of the following:

"(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

"(2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.

"(3) He was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty.

"(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

"(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person."

Ohio's wrongful imprisonment statutes, R.C. 2305.02 and 2743.48, were added to the Revised Code to authorize civil actions against the state, for specified monetary amounts, for certain wrongfully imprisoned individuals. *Walden v. State* (1989), 47 Ohio St.3d 47, 49, 547 N.E.2d 962, 964. The wrongful imprisonment statutes were intended to replace the former practice of compensating wrongfully imprisoned persons by *ad hoc* moral-claims legislation. *Id.* More specifically, R.C. 2743.48(A)(1) through (3) address a narrow legal problem by providing compensation to *innocent* persons who have been wrongfully convicted and incarcerated for a felony. *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 110, 573 N.E.2d 633, 636–637. The enactment of R.C. 2743.48 was necessary to authorize compensation because the state, even after the waiver of immunity in R.C. 2743.02, remained generally immune from lawsuits by persons who were wrongfully convicted and incarcerated. The

wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. They were never intended, however, to compensate those who had merely avoided criminal liability. *Walden, supra,* 47 Ohio St.3d at 52, 547 N.E.2d at 966–967; *Gover v. State* (1993), 67 Ohio St.3d 93, 95, 616 N.E.2d 207, 208–209.

▪ The Ohio Supreme Court has construed R.C. 2743.48(A)(4) as requiring that claimants who seek compensation for wrongful imprisonment prove that at the time of· the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged. *Gover, supra,* at syllabus. Additionally, pursuant to R.C. 2743.48(A)(5), the claimant bears the burden of proving by a preponderance of the evidence his innocence of the crimes for which he was convicted and all lesser included offenses. *Walden, supra,* at syllabus. Pursuant to R.C. 2743.48(A)(5), the claimant must demonstrate that the "offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." *Ellis v. State* (1992), 64 Ohio .St.3d 391, 393, 596 N.E.2d 428, 430.

▪ Appellant initially argues that it is uncontested that he has sustained his burden of proof with respect to R.C. 2743.48(A)(1) through (4). We do not necessarily agree. A fair reading of the record reflects that at the time of the incident for which appellant was initially charged, appellant was engaged in other criminal conduct. The record reflects that appellant did, in fact, knowingly possess a controlled substance in violation of R.C. 2925.11. At least one judge on this court has previously found sufficient evidence that appellant knowingly possessed the bag and its contents. Moreover, the jury found sufficient evidence that appellant possessed the syringes which were found inside the same bag containing the money and the second bag containing the controlled substance. "Claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging *in any other criminal conduct* arising out of the incident for which they were initially charged." (Emphasis added.) *Gover, supra,* syllabus. As will be discussed, the fact that appellant was acquitted by the jury of possession of a controlled substance does not necessarily preclude the parties herein from relitigating the issue.

Appellant then argues that the evidence presented is sufficient to sustain his burden of proving his innocence by a preponderance of the evidence. Appellant contends that this court has found that the evidence was insufficient to support his conviction for possession of the syringes. See, *Chandler, supra,* 54 Ohio App.3d at 97, 560 N.E.2d at 837–838. Appellant also cites language from the

decision of the federal magistrate characterizing appellant as "a victim of a miscarriage of justice."

However, a judgment of acquittal is not to be given preclusive effect in a proceeding under R.C. 2305.02 and 2743.48(A). *Walden, supra.* "As a general rule, a verdict or judgment of acquittal in a criminal trial is a determination that the state has not met its burden of proof on the essential elements of the crime. It is not necessarily a finding that the accused is innocent." *Id.,* 47 Ohio St.3d at 51, 547 N.E.2d at 966, citing *Schrader v. Equitable Life Assurance Soc.* (1985), 20 Ohio St.3d 41, 46, 20 OBR 343, 347–348, 485 N.E.2d 1031, 1035–1036. The doctrine of collateral estoppel or issue preclusion cannot be utilized by a claimant even where the claimant raised an affirmative defense requiring proof by a preponderance of the evidence at his trial. *Walden, supra.*

In a petition pursuant to R.C. 2743.48(A), a claimant must affirmatively prove his innocence, by a preponderance of the evidence, at a *de novo* hearing. *Walden, supra.* As stated, a previous acquittal is not given preclusive effect. *Id.* Thus, the very same transcript of a criminal proceeding which results in a conviction and which is subsequently overturned on the weight or sufficiency of the evidence may nonetheless be insufficient to support a claimant's innocence by a preponderance of the evidence. See *Page v. State* (Aug. 8, 1989), Franklin App. No. 89AP–222, unreported, 1989 WL 88874.

In the present case, the trial court had before it the transcript of the proceedings that resulted in appellant's conviction for possession of criminal tools as well as the opinion of this court reversing his conviction, an opinion of the federal magistrate characterizing appellant as a "victim of a miscarriage of justice," and a stipulation that appellant's codefendant, Mildon Ball, took full responsibility for possession of the bag and its contents and exonerated appellant. The trial court concluded, however, that appellant failed to demonstrate by a preponderance of the evidence that the crime was never committed by anyone or that he did not commit the crime of which he was convicted.

A review of the record reveals competent, credible evidence supporting the trial court's conclusion. R.C. 2923.24 (the possession of criminal tools statute) provides, in pertinent part:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"(1) Possession or control or any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use."

Similarly, R.C. 2925.12 (the possession of drug abuse instruments statute) provides, in pertinent part:

"(A) No person shall knowingly make, obtain, possess, or use any instrument, article, or thing whose customary and primary purpose is for the administration or use of a dangerous drug, other than marihuana, when the instrument involved is a hypodermic or syringe, whether or not of crude or extemporized manufacture or assembly, and the instrument, article, or thing involved has been used by the offender to unlawfully administer or use a dangerous drug, other than marihuana, or to prepare a dangerous drug, other than marihuana, for unlawful administration or use."

The undisputed evidence establishes that appellant was found in the driver's seat of his van, which was parked in the middle of a vacant field. Inside the van, Gneu observed an open bag between the driver's and passenger's seats, which contained twenty-eight syringes and $418.40 in cash, and another bag, which contained thirteen yellow pills later identified as Talwin (a Schedule IV controlled substance) and a white powder later identified as cocaine (a Schedule II controlled substance). Additionally, the brown paper bag was well within reach of appellant, who was seated in the driver's seat, or his codefendant, who was seated in the passenger's seat.

At trial and in his petition herein, appellant denied having had any knowledge of the contents of the brown paper bag. Appellant supports his trial testimony with the stipulation that Ball corroborated appellant's trial testimony at Ball's deposition. Ball further took full responsibility for possession of the bag and its contents and exonerated appellant.

However, as was the case at appellant's jury trial, the weight of the evidence and the credibility of the witnesses are matters ordinarily left for determination by the trier of fact. *State v. Hawkins* (1993), 66 Ohio St.3d 339, 344, 612 N.E.2d 1227, 1232–1233; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. The trial court found appellant's evidence to be insufficient and, therefore, dismissed appellant's petition. We believe the trial court's determination is supported by competent, credible evidence, to wit, the transcript of the criminal proceedings.

▮ Finally, we note that it is uncontested that Ball committed the offense, or any of the lesser included offenses, for which appellant was found guilty. To illustrate, appellant relies on the stipulation in which Ball took full blame for possession of the bag and its contents. Thus, the record undisputedly reveals that Ball committed the offense for which appellant was convicted (possession of criminal tools) or a lesser included offense (possession of drug abuse instruments) of the offense for which appellant was convicted (possession of criminal tools). Thus, it cannot be disputed that someone committed the crime for which appellant was convicted. See R.C. 2743.48(A)(5). As a result, the trial court was expressly prohibited from making a determination that appellant was a wrongfully imprisoned individual pursuant to R.C. 2743.48(A)(1) through (5).

Based on the foregoing, this court concludes that the trial court did not err in dismissing appellant's petition for a determination that he was a wrongfully imprisoned individual pursuant to R.C. 2305.02 and 2743.48.

Appellant's sole assignment of error is, therefore, overruled.

*Judgment affirmed.*

PORTER and DYKE, JJ., concur.