Respectfully, I dissent. I would vacate appellant's conviction because the state failed to meet its burden of proving the essential element of constructive possession of the cocaine and, therefore, the trial court erred in denying appellant's Crim.R. 29 motion for acquittal on count one of the indictment.
The circumstantial evidence presented by the state in this case established nothing more than appellant's presence in the vehicle in which the drugs were found. The state presented no evidence showing that appellant was aware of the bag of cocaine on the console prior to the stop. Although the majority contends that the bag was clearly situated where appellant could see and reach it from the back seat, there was no evidence regarding when the bag was placed on the console. Detective Shoulders testified that he did not see anyone, including appellant, place the drugs on the console. Moreover, Detective Roper testified that when he approached the vehicle, he observed the female passenger in the front seat "fumbling around." There was no testimony, however, that anyone else in the Expedition made any movement as the officers approached the vehicle. Thus, the fact that cocaine was found on the middle console after the police stopped the vehicle does not establish that the cocaine was in appellant's view as he rode in the backseat of the vehicle or that he was aware of the cocaine at any time prior to the stop. Consequently, the evidence presented by the state established only that appellant was a passenger in the backseat of an automobile where drugs were found.
The majority acknowledges that constructive possession cannot be inferred by a person's mere presence in the vicinity of contraband, seeCincinnati v. McCartney (1971), 30 Ohio App.2d 45; State v. Palmer (Feb. 6, 1992), Cuyahoga App. No. 58828, unreported, but nevertheless, holds that even though "there was no evidence that defendant was actually exercising dominion and control over the drugs," as a passenger in the backseat, appellant's presence in the vicinity of the drugs found on the console was sufficient to find constructive possession.
The majority cites several cases in which this court found sufficient circumstantial evidence to support a finding of constructive possession as support for its conclusion that appellant's mere presence in the vicinity of the drugs was sufficient "circumstantial evidence" to find constructive possession. Contrary to the majority's assertion, however, the cases do not involve "fact patterns similar to those in this case." Moreover, in the cases cited by the majority, this court specifically found that there was circumstantial evidence in addition to the defendant's mere presence in the vicinity of the drugs that supported a finding of constructive possession.
In State v. Lavender (Mar. 12, 1992), Cuyahoga App. No. 60493, unreported, for example, this court found sufficient evidence to support the defendant's conviction of cocaine possession where, upon conducting a search of a bedroom in an apartment where the defendant was visiting, the police found drugs in a dresser drawer in the bedroom. This court stated:
 In this case, drugs were found in a dresser drawer in Regina Kirkman's bedroom. Kirkman denied knowledge of any drugs, and also stated that she had left the drawer closed. When police entered the bedroom, the dresser drawer was partially open, and [the defendant] either had his hand over the drawer or in it. Police also found an automatic weapon in the drawer. They testified that they entered the bedroom because they heard a sound like an automatic weapon being chambered.
Id. On such evidence — which clearly demonstrated more than the defendant's mere presence in the vicinity of the contraband — we held that there was sufficient evidence to support the defendant's conviction.
In State v. Braxton (Jan. 18, 1990), Cuyahoga App. No. 56269, unreported, a case also cited by the majority, the defendant was convicted of drug abuse after police, while executing a search warrant, sat the defendant on one end of a couch and subsequently discovered a small plastic bag containing cocaine and heroin on the floor beneath the couch, directly behind the couch where the defendant had remained seated. This court affirmed the defendant's conviction on appeal. After reiterating the principle that the mere presence of a defendant in the vicinity of contraband is not enough to support a theory of constructive possession, we stated:
 There was more than appellant's mere presence supporting his conviction. As noted, police had searched the couch and the floor just prior to seating appellant, and remained with appellant the entire time while appellant, and no one else, sat on the end of the couch directly above the place where the drugs were found shortly thereafter. (Emphasis added.)
Id.
Importantly, in the cases cited by the majority, there was a significant amount of circumstantial evidence in addition to the defendants' close proximity to the illegal drugs that, under the totality of the circumstances, established their constructive possession of the drugs. Here, however, the state presented no evidence other than the location of the cocaine on the console to demonstrate that appellant had access to the crack cocaine on the console or the authority or power to exercise control over it. Indeed, the confidential informant advised Detective Shoulders only that Jimmie Coleman would be delivering narcotics; there was no mention that anyone else was involved. No one testified that appellant made any suspicious gesture or action when the vehicle was stopped. Furthermore, there was no corroborating evidence of any drug paraphernalia found on appellant's person or in the vehicle.
The majority dismisses the lack of any evidence of drug paraphernalia, however, because, they assert, the "readily usable" requirement does not mandate that a pipe, syringe or other apparatus designed to facilitate drug use be present in order for a finder of fact to conclude that drugs are readily usable. The majority's citation to State v. Pruitt (1984),18 Ohio App.3d 50, for this proposition is not persuasive. In Pruitt,
this court held that where a defendant was found sitting on the closed toilet seat of an apartment bathroom, with drugs and syringes less than a foot away from him, the defendant's close proximity to drugs "in a form ready for injection" supported a conclusion that the drugs were in the defendant's constructive possession. Thus, in applying the "readily usable" requirement, this court specifically noted the presence of syringes that made the drugs readily usable. Crack cocaine, however, is not in a form ready for immediate consumption without additional implements. Thus, without additional evidence such as drug paraphernalia that would make the crack immediately usable, appellant's close proximity to the drugs, by itself, is insufficient to establish constructive possession.
Moreover, spatial distance in an automobile is not the same as space in a room. Everything is in close proximity in an automobile. Thus, even if the drugs are in a readily usable form, where there is no evidence the illicit substance was visible to a passenger or within the passenger's exclusive area, there must be some additional evidence — such as drug paraphernalia — to justify an inference that the passenger had knowing possession of the drugs.
The case is remarkably like State v. Chandler (1989), 54 Ohio App.3d 92,97, in which this court held that the evidence was insufficient to support the defendant's conviction for possession of criminal tools. InChandler, police officers conducting a drug sweep at a housing project observed a van parked in a field. One of the officers observed the defendant, who was seated behind the wheel, and his passenger "shuffling around, moving around, inside of the van." Id. at 97. The officers approached the van and, after removing the defendant and the passenger from the van, found a paper bag containing syringes, cash, white powder and pills on the front seat of the van.
The defendant was convicted of possession of the syringes found in the bag. This court vacated the defendant's conviction on appeal, however, finding that the evidence was insufficient to demonstrate that the defendant possessed the syringes found in the bag or had them under his control. We noted that the defendant's "rustling around" was not evidence of any furtive movement and, further, that he was "never observed holding the bag." Id. at 96-97. On this paucity of evidence we concluded that the state failed to show beyond a reasonable doubt that [the defendant] possessed or had under his control the syringes * * *. Id.
Here, the only evidence offered by the state to link appellant to the drugs was Detective Shoulders' testimony that co-defendant Jimmie Coleman told him that the drugs "were his and Mr. Williams'." As argued by appellant in assignment of error two, however, this testimony was inadmissible. Shoulders' testimony regarding his conversation with Coleman would be admissible only if 1) Coleman was unavailable to testify; and 2) his statement was admissible under one of the exceptions to the hearsay rule enumerated in Evid.R. 804. See State v. Young
(1983), 5 Ohio St.3d 221; State v. Houston (1985), 26 Ohio App.3d 26. Here, the state made no attempt to show that Coleman was unavailable to testify. Moreover, his statement to Detective Shoulders that the drugs belonged in part to appellant does not fall within any of the hearsay exceptions enumerated in Evid.R. 804. Because this was the only evidence offered to link appellant to the drugs, and there were no other "circumstances" upon which the trial court could have relied to find appellant guilty, the majority's assertion that the admission of this evidence was harmless error is astounding.
The trial court concluded that appellant's apparent access to the drugs on the console gave him constructive possession of the drugs. Possession may not be inferred from mere access or close proximity to illegal contraband, however. Without more, the state failed to meet its burden of proving the essential element of constructive possession of the cocaine. Accordingly, the trial court erred in denying appellant's Crim.R. 29 motion for acquittal on count one of the indictment and appellant's conviction should be vacated.