JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Louis Simmons ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand.
 I. {¶ 2} According to the facts, Officer Goins testified that he and his partner were on basic patrol in Cleveland's Fourth District when they observed a vehicle suspected of buying drugs from a known drug house. The police followed the vehicle but eventually lost sight of it.
 {¶ 3} After the police lost sight of the vehicle, they decided to go back toward the Harvard Deli. Officer Goins testified that as they approached the Harvard Deli they watched a group of males for 10 to 15 seconds. The men were standing by a car in the parking lot. The police made a quick U-turn and immediately drove their cruiser up over the curb and onto the sidewalk directly in front of appellant. Appellant was visibly startled the moment he saw the cruiser up on the sidewalk in front of him. In fact, Officer Goins testified that appellant had an "Oh, shit, it's the police," look on his face at this time. Officer Goins further stated that appellant started to act strange and looked like he was going to flee.
 {¶ 4} The police then exited the cruiser and asked appellant for identification. Although the police asked for identification, no investigative questions were asked of appellant before the police conducted a pat-down of appellant. A small glass vial *Page 4 
containing crack cocaine and a bag of marijuana were subsequently found in appellant's pocket.
 {¶ 5} On June 2, 2006, the Cuyahoga County Grand Jury filed a five-count indictment against appellant and his co-defendant, Darryl Hudson. Appellant was charged with possession of and trafficking in crack cocaine in an amount equal to or exceeding one gram but less than five grams (counts one and two), felonies of the fourth degree.
 {¶ 6} Appellant filed a suppression motion, arguing that all the evidence seized from appellant's person, as well as any statements by the appellant, must be suppressed because it was obtained as a result of an unlawful search and seizure. The trial court held a suppression hearing. At the hearing, the state presented testimony from one police officer, Officer Robert Goines. At the close of the hearing, the trial court denied appellant's suppression motion.
 {¶ 7} After his motion was denied, appellant pled no contest to both counts in the indictment. The trial court found him guilty of both counts. On December 18, 2006, the trial court sentenced appellant to nine months of community controlled sanctions and suspended his driver's license for seven months. Appellant now appeals.
 II. *Page 5 {¶ 8} Assignment of error: "The trial court erred in denying appellant's motion to suppress the evidence in this case as it was obtained in violation of his state and federal constitutional right to be free of unreasonable searches and seizures."
 III. {¶ 9} In reviewing a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542;State v. Fanning (1982), 1 Ohio St.3d 19, 20, 1 Ohio B. 57,437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Curry,95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (citing State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54). However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. Id. (citing State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906.)
 {¶ 10} In Terry v. Ohio, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot."Terry v. Ohio (1968), 392 U.S. 1, 9, 20 L.Ed.2d 889, 88 S.Ct. 1868; see, also, State v. Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. To justify an investigative stop, the officer must be able to articulate *Page 6 
specific facts which would warrant a reasonably prudent police officer to believe that the person stopped has committed or is committing a crime. See Terry, supra, at 27.
 {¶ 11} A valid investigative stop must be based upon more than a mere "hunch" that criminal activity is afoot. United States v. Arvizu (2002),534 U.S. 266, 151 L.Ed.2d 740, 122 S.Ct. 744; Terry, supra, at 27. However, reviewing courts should not "demand scientific certainty" from law enforcement officers. Illinois v. Wardlow (2000), 528 U.S. 119, 125,145 L.Ed.2d 570, 120 S.Ct. 673. In deciding whether reasonable suspicion exists, courts must examine the "`totality of the circumstances' of each case to determine whether the detaining officer has a `particularized and objective basis' for suspecting legal wrongdoing." Arvizu, supra (quoting United States v. Cortez (1981), 449 U.S. 411, 417-18,66 L.Ed.2d 621, 101 S.Ct. 690); State v. Bobo (1988), 37 Ohio St.3d 177,524 N.E.2d 489, at paragraph one of the syllabus, citing State v.Freeman (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044. Under this totality of the circumstances approach, police officers are permitted to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that `might well elude an untrained person.'" Arvizu (quotingCortez, 449 U.S. at 418).
 {¶ 12} Under the circumstances presented in the instant case, we find that the police lacked reasonable suspicion to justify a Terry stop of appellant. Appellant was standing outside of a deli holding a bottle of water. Both sides agree that appellant *Page 7 
was stopped because of a strange "look" on appellant's face and because the deli was located in a high drug area. Officer Goins stated that when he and his partner arrived at the scene, they observed a group of males standing in the parking lot. Officer Goins stated that appellant had a startled look on his face when he saw the police car. Officer Goins further stated that he thought appellant was going to flee, so he exited his police cruiser and told appellant to come back and place his hands on the GMC Jimmy. Appellant complied with Officer Goins' order and was subsequently searched.
 {¶ 13} Appellant's presence in a high drug area does not suspend the protections of the Fourth and Fourteenth Amendments. State v.Chandler (1991), 54 Ohio App.3d 92, 97; State v. Scales, Cuyahoga App. No. 87023, 2006-Ohio-3946. The mere fact that an individual is present in an area of high drug activity does not, by itself, provide "a basis for concluding that [he or she] was engaged in criminal conduct."State v. Brown, 99 Ohio St.3d 323, 2003-Ohio-3931.
 {¶ 14} Moreover, this court has previously held that an individual's walking toward an occupied car and then, upon observing the police, retreating from the scene, is not sufficient to justify an investigative stop, even in an area of high drug activity. State v. Fincher (1991),76 Ohio App.3d 721, 603 N.E.2d 329. See, also, State v. Crosby (1991),72 Ohio App.3d 148, 151, 594 N.E.2d 110; State v. Hewston (Aug. 2, 1990), Cuyahoga App. No. 59095; State v. Arrington (1990), 64 Ohio App.3d 654,582 N.E.2d 649. *Page 8 
 {¶ 15} Officer Goins observed a started look on appellant's face when he saw the police officers pull up in their cruiser. A startled look is not enough to justify an investigative stop, even in this type of high crime area. While we are sensitive to the need for the police to do their jobs, a startled look coupled with a brief 10-to 15-second observation is not enough to justify the Terry stop in this particular case.
 {¶ 16} Accordingly, we cannot say that the police had reasonable suspicion to stop and detain appellant, because no specific or articulable facts exist to support the officer's actions. Because the stop was unjustified, the search of appellant was also unjustified. The trial court erred in denying appellant's motion to suppress the evidence found on his person.
 {¶ 17} Accordingly, appellant's assignment of error is sustained.
 {¶ 18} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1