JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court's order that granted defendant-appellee, Ernest Priester's ("defendant"), motion to suppress evidence. For the reasons that follow, we affirm.
 {¶ 2} Defendant was charged with possession of drugs, in an amount less than five grams, a felony of the fifth degree. Defendant filed a motion to suppress evidence.
 {¶ 3} The court held a hearing on defendant's suppression motion, where the State presented the testimony of one of the arresting officers. He stated that on September 6, 2007, he and his partner were patrolling the area of East 125th and Buckeye. The officer stated this is a "known prostitution area, known drug area." He observed defendant in a vehicle that was stopped, but not parked "off the side of the road on Buckeye." They saw a gentlemen leaning over toward the street talking to two females who were on the sidewalk. Although the officer stated that defendant's vehicle was impeding the flow of traffic, he also testified that the officers drove past it.
 {¶ 4} The females got into defendant's vehicle, causing the officers to turn their vehicle around and initiate a traffic stop. Defendant began to make a turn the wrong way down a one-way street. Defendant did not proceed the wrong way down the street but instead was able to steer his vehicle back onto the roadway, where he stopped for the officers at Buckeye and East 125th Street. It was approximately 2:55 a.m. *Page 4 
 {¶ 5} The State inquired of the officer: "Why did you and your partner decide to initiate a traffic stop after seeing the two women enter into this car?" To which the officer responded, "Just to do a further investigation to see what, in fact, was going on, if he was picking up prostitutes or if there was a drug transaction going on or what."
 {¶ 6} The officer suspected possible prostitution because "it is a known prostitution area, known drug area, and that's the activity that goes on pretty much throughout the night."
 {¶ 7} When the officer approached defendant's vehicle, he smelled an odor of alcohol. Defendant was removed from the vehicle along with the females. Defendant submitted to a field sobriety test, which he failed. Defendant reportedly gave different stories about the females that were in his vehicle. Defendant was placed under arrest for failing the sobriety test and his vehicle was inventoried prior to being towed. The officer found marijuana, a red pill, and a piece of paper that had a rock of crack cocaine in it.
 {¶ 8} Cross-examination of the officer established the following: There was a very small amount of traffic at the time in question. Buckeye has two traffic lanes on each side of the roadway and there is room for parking on the curb lane. The officer was not sure whether parking was or was not permitted at the time he observed defendant's vehicle close to the curb lane. The officer decided to stop the defendant when he observed the females getting into his vehicle. Later, the officer testified that the basis for the stop was impeding the flow of traffic. *Page 5 
 {¶ 9} The officer stated he was suspicious because defendant "pulled off to the side of the road speaking to two ladies and it looked like he was soliciting prostitution." Yet, he admitted that he had no information at all that the ladies were prostitutes. He confirmed that he had acted on a "hunch."
 {¶ 10} The trial court granted the motion to suppress finding that the testimony established that defendant was not impeding the flow of traffic and the officer had acted on a mere "hunch."
 {¶ 11} The State now appeals asserting the following sole assignment of error for our review:
 {¶ 12} "I. The trial court erred in granting appellee's motion to suppress all of the evidence derived from his lawful traffic stop on September 6, 2007."
 {¶ 13} In this assignment of error, the State claims that the trial court erred in granting the defendant's motion to suppress for a number of reasons. First, the State argues that it proved by a preponderance of the evidence that the stop and search of the defendant was lawful. Specifically, the State claims that the officers were justified in stopping defendant because they believed he was impeding the flow of traffic by being stopped near the curb lane of a two-traffic lane street at 2:55 a.m. and also because they observed two woman enter defendant's vehicle in a "known prostitution area." While the State also argues that the officers were justified in stopping defendant for driving the wrong way on a one-way street, the officer who testified did not offer this as a reason for stopping the defendant. *Page 6 
 {¶ 14} Before examining the facts that transpired after the officers stopped defendant, the primary inquiry is whether the officers had reasonable suspicion to make the stop at all. The trial court assessed the facts and the credibility of the witness and determined that they did not.
 {¶ 15} In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. State v.Mills (1992), 62 Ohio St.3d 357; State v. Bryson (2001),142 Ohio App.3d 397, 401; Cleveland v. Rees (June 24, 1999), Cuyahoga App. No. 74306;State v. McCulley (Apr. 28, 1994), Cuyahoga App. No. 64470. The trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the credibility of witnesses and resolve questions of fact. State v. Klein (1991), 73 Ohio App.3d 486.
 {¶ 16} Appellate courts should give great deference to the judgment of the trier of fact. Ornelas v. United States (1996), 517 U.S. 690;State v. George (1989), 45 Ohio St.3d 325. Accordingly, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Klein, supra; State v. Armstrong (1995),103 Ohio App.3d 416, 420; State v. Williams (1993), 86 Ohio App.3d 37,41. However, the reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard.State v. Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 17} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them, per se, unreasonable unless an *Page 7 
exception applies. Katz v. United States (1967), 389 U.S. 347. An investigative stop, or Terry stop, is a common exception to theFourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1. Thus, a law enforcement officer may properly stop an automobile under theTerry-stop exception if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v.Prouse (1979), 440 U.S. 648, 653; State v. Gedeon (1992),81 Ohio App.3d 617, 618; State v. Heinrichs (1988), 46 Ohio App.3d 63.
 {¶ 18} The trial court found that the State did not present credible and probative evidence that defendant was initially stopped for a traffic violation that impeded the flow of traffic. This finding is supported by the record evidence. The trial court found that the officers' unparticularized suspicion or "hunch" of possible prostitution was not enough to provide the requisite reasonable suspicion for aTerry stop. This finding is supported by the officer's testimony that he acted on a hunch.
 {¶ 19} This Court has previously observed, "reasonable suspicion entails some minimal level of objective justification for making a stop — something more than an unparticularized suspicion or hunch. State v.Jones (1990), 70 Ohio App.3d 554, 556-557. Indeed, the Jones court held that an investigatory stop was unjustified where three or four persons standing around a car parked in a `high-drug area,' with one person on the passenger side leaning into the car, scattered in different directions upon seeing police approach. Id. The observation of an individual in a car, without more, does not give rise to a reasonable belief that the individual is involved in criminal activity. State v.Parr (1990), 67 Ohio App.3d 626, 627. Mere *Page 8 
presence in an area of high crime activity does not suspend the protections afforded by the Fourth Amendment. State v. Chandler (1990),54 Ohio App.3d 92, 97." State v. Farmer (Mar. 26, 1998), Cuyahoga App. No. 73015.
 {¶ 20} Since the officers lacked the reasonable suspicion necessary to justify the initial stop of the defendant, his subsequent arrest for failing a field sobriety test and the search of his vehicle, which resulted in the confiscation of drugs, stemmed from an initial violation of his Fourth Amendment rights.
 {¶ 21} The trial court's findings are supported by competent and credible evidence in the record and the trial court properly applied its finding to the applicable legal standard. Accordingly we find that the trial court did not err in granting the defendant's motion to suppress.
 {¶ 22} Assignment of Error I is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 MELODY J. STEWART, J., and ANN DYKE, J., CONCUR. *Page 1