**The STATE of Ohio, Appellant,**

**v.**

**HODGES, Appellee.**

[Cite as *State v. Hodges*, 183 Ohio App.3d 160, 2009-Ohio-3378.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92014.

Decided July 9, 2009.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Megan Wolf, Assistant Prosecuting Attorney, for appellant.

Jimmie Mack Jr. Co., L.P.A., and Jimmie Mack Jr., for appellee.

MELODY J. STEWART, Judge.

{¶ 1} Appellant, the state of Ohio, appeals from an order of the Cuyahoga County Court of Common Pleas granting defendant-appellee Anthony Hodges's motion to suppress evidence obtained from a warrantless search of his person and vehicle. After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} The record developed at the suppression hearing reveals that on August 2, 2007, at approximately 5:30 a.m., East Cleveland police officer Randy Hicks was driving on Superior Avenue in a marked patrol car. He stated that as he drove past a Marathon gas station, he observed a male flagging down females

across the gas station parking lot. Upon seeing the patrol car, the females in the car quickly pulled out of the parking lot and left. The male returned to a white van and entered on the passenger side. Officer Hicks said he did not see the driver of the van. The van began to leave the parking lot, but then pulled back into the spot it had originally occupied.

{¶ 3} Officer Hicks testified that in his 18 years in law enforcement, he had made over 1,000 arrests for drug offenses, 40 or 50 of those in the area around the gas station. He stated that based on what he had observed, he planned to arrest the passenger for drug-related activity. He called for another unit to assist him. After the second unit arrived, he activated lights and sirens and stopped the van. He got out of the patrol car and approached appellee, who was driving the van, and asked to see his driver's license. Appellee replied that he had only a temporary license. At this point, appellant and the passenger were removed from the van. Officer Hicks said he told appellee that he was going to receive a ticket for not having a valid license and that the van was going to be towed. He then asked appellee whether he had anything else on him. Appellee told Officer Hicks that he had a bag of marijuana on him. Officer Hicks searched appellee, found the marijuana, and placed appellee under arrest. The other officer then searched the van and discovered a gun.

{¶ 4} Appellee was transported to the East Cleveland police department, where he was given his Miranda warnings. A police detective testified that he had appellee read the warnings aloud from a document and then initial and sign the document. The detective testified that after being given the Miranda warnings, appellee admitted that the gun and marijuana were his.

{¶ 5} Appellee testified at the suppression hearing. He stated that he stopped at the Marathon station to get gas. He and his passenger went inside the station. They spoke to two females who had also pulled into the station. He paid for nine dollars worth of gas and then went back to the van and pumped the gas. He said his passenger "probably waved at [the females]," but he was on the driver's side and did not know. He said that after the van was stopped, police approached with guns drawn, yelling at him until he was pulled from the vehicle. He said that the police did not ask him for his license until he was out of the van. He stated that he did not tell the officer that he had marijuana on him.

{¶ 6} After hearing all the testimony, the trial court granted appellee's motion to suppress the evidence. The trial court found that "a man waving at a woman, whether in this area or any other area, is not articulably sufficient to stop and search the defendant."

{¶ 7} The state assigns the following error for our review:

{¶ 8} "The trial court erred when it ruled that the officer's basis for the traffic stop was not articulably sufficient."

{¶ 9} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71. In considering a motion to suppress, the trial court is in the best position to decide the facts and to evaluate the credibility of the witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, we must accept the trial court's findings of fact if they are supported by competent and credible evidence. *State v. Curry* (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts satisfy the applicable legal standard. *Burnside* at ¶ 8.

{¶ 10} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. One exception was announced by the United States Supreme Court in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In *Terry*, the court held that a brief investigative stop of a person does not violate the Fourth Amendment if the police have reasonable suspicion that the person stopped is, or is about to be, engaged in criminal activity. Under *Terry*, the state must be able to point to specific and articulable facts that reasonably suggest criminal activity. Inarticulable hunches, general suspicion, or no evidence to support the stop are insufficient as a matter of law. *State v. Smith*, Cuyahoga App. No. 89432, 2008-Ohio-2361, 2008 WL 2058530.

{¶ 11} The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus. Officer Hicks testified that he stopped appellee because he suspected the passenger of drug-related activity. His suspicion was heightened by the location of the gas station in a high-drug area and by the early-morning hour. Hicks testified that his suspicion of drug-related activity was based upon his observance of the van passenger's actions in waving to females in another car parked in the lot, walking toward that car, and then turning around and going back to the van when he spotted the police car. Hicks stated that if the passenger had continued on and kept talking to the females, he probably would not have done anything.

{¶ 12} This court has repeatedly held that an individual's presence in a high-drug area does not suspend the protections of the Fourth and Fourteenth Amendments. See, e.g., *State v. Simmons*, Cuyahoga App. No. 89309, 2007-Ohio-6636, 2007 WL 4340851; *State v. Scales*, Cuyahoga App. No. 87023, 2006-Ohio-

3946, 2006 WL 2170605; *State v. Chandler* (1989), 54 Ohio App.3d 92, 97, 560 N.E.2d 832.

{¶ 13} Moreover, this court has previously held that "an individual's walking toward an occupied car and then, upon observing the police, retreating from the scene, is not sufficient to justify an investigative stop, even in an area of high drug activity." *Simmons* at ¶ 14, citing *State v. Fincher* (1991), 76 Ohio App.3d 721, 603 N.E.2d 329.

{¶ 14} Upon review of the totality of the circumstances presented in the instant case, we find that the police lacked reasonable suspicion to justify a *Terry* stop of appellee. Therefore, the trial court did not err in granting appellee's motion to suppress the evidence found following the police stop. Appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

McMONAGLE, P.J., and DYKE, J., concur.