JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Joseph Scales ("Scales"), appeals the trial court's decision denying his motion to suppress. Finding merit to the appeal, we vacate his conviction.
 {¶ 2} In 2005, Scales was charged with possession of drugs and criminal tools. He moved to suppress the evidence found on his person when the police searched him. The trial court denied his motion, and Scales subsequently pled no contest to the charges. He was sentenced to one year community control sanctions.
 {¶ 3} The following evidence was presented at the motion to suppress hearing. Officer Vowell ("Vowell") was conducting surveillance with his partner in a high drug activity area at East 71st Street and St. Clair Avenue. Officer Cornell ("Cornell") and his sergeant were also patrolling the area. At 11:10 p.m., the officers observed Scales "wave down" a car. Scales walked toward the vehicle, which had stopped in the middle of the street.
 {¶ 4} As the officers approached Scales and the vehicle, the car drove away, and Scales walked back to the sidewalk. Vowell approached Scales and another male and inquired about their activities. At that time, Cornell seized Scales and took him to the police car to conduct a pat-down search. After asking Scales about any weapons on his person, Scales admitted that he had a bag of marijuana. Cornell then recovered the marijuana from Scales' pants pocket, as well as a bag containing two rocks of crack cocaine.
 {¶ 5} Scales testified that he did not "wave down" a passing car nor did he feel free to leave the scene when Cornell conducted the pat-down search. He further testified that the marijuana was in his right pocket, whereas the crack cocaine was in his "hoodie" pocket. He stated that the officer went inside his pocket and found the crack cocaine.
 {¶ 6} Scales appeals, arguing in his sole assignment of error that the trial court erred in denying his motion to suppress.
 {¶ 7} At a suppression hearing, the trial court, as the trier of fact, is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of the witnesses. State v. Mills (1992), 62 Ohio St.3d 357,582 N.E.2d 972. On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7. After accepting such factual findings, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied. State v. Lloyd
(1998), 126 Ohio App.3d 95, 709 N.E.2d 913.
 {¶ 8} In Terry v. Ohio, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot." Terry v. Ohio (1968),392 U.S. 1, 9, 20 L.Ed.2d 889, 88 S.Ct. 1868; see, also, Statev. Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271.
 {¶ 9} A valid investigative stop must be based on more than a mere "hunch" that criminal activity is afoot. United States v.Arvizu (2002), 534 U.S. 266, 151 L.Ed.2d 740, 122 S.Ct. 744;Terry, supra at 27. However, reviewing courts should not "demand scientific certainty" from law enforcement officers.Illinois v. Wardlow (2000), 528 U.S. 119, 125, 145 L.Ed.2d 570,120 S.Ct. 673.
 {¶ 10} In deciding whether reasonable suspicion exists, courts must examine the "`totality of the circumstances' of each case to determine whether the detaining officer has a `particularized and objective basis' for suspecting legal wrongdoing." Arvizu, supra, quoting, United States v. Cortez
(1981), 449 U.S. 411, 417-418, 66 L.Ed.2d 621, 101 S.Ct. 690;State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, at syllabus, paragraph one, citing, State v. Freeman (1980),64 Ohio St.2d 291, 414 N.E.2d 1044.
 {¶ 11} Under the totality of the circumstances approach, police officers are permitted to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that `might well elude an untrained person.'" Arvizu, quoting Cortez,
supra at 418. Thus, a court reviewing an officer's reasonable suspicion determination must give due weight to the officer's trained eye and experience and view the evidence through the eyes of law enforcement. Id. See, also, Andrews, supra at 87-88.
 {¶ 12} In the instant case, two officers testified that they were conducting surveillance in a high drug activity area around 11:10 p.m., when they observed Scales "wave down" a car that was traveling down the street. According to the officers, individuals who engage in drug activity will commonly wave to a passing car to alert the driver that the person is selling drugs. After Scales "waved down" the car, he walked toward the vehicle, which had stopped in the middle of the street.
 {¶ 13} As the officers approached Scales and the vehicle, the car drove away, and Scales started to walk toward the sidewalk. Vowell testified that, but for their presence, he believed a drug transaction would have occurred. However, he further testified that Scales did not get close enough to the car to make an exchange or to speak to the vehicle's occupants. Vowell admitted that he was not certain if Scales possessed any illegal contraband, although he suspected it.
 {¶ 14} Based on the totality of the circumstances, Vowell's "hunch" was not sufficient to create reasonable suspicion to stop and detain Scales. The act of "waving down" one car did not culminate in anything other than an attempt to approach a stopped car. Moreover, Vowell's "hunch" that Scales might possess illegal contraband does not pass constitutional muster despite the officer's training and experience in drug-related cases. Although Scales' actions may have attracted the officer's attention, the officers must have more than a vague suspicion to justify an investigatory stop. Terry, supra; Bobo, supra. Under Terry
and Bobo, the officers must have reasonable suspicion that criminal activity is imminent and they must be able to point to specific facts to justify the conclusion that the defendant is engaged in criminal activity.
 {¶ 15} Had Scales engaged in a pattern of "waving down" cars and approaching them, reasonable suspicion might have been established. Moreover, had the officers actually observed Scales approach the vehicle and engage in a hand-to-hand transaction or, at the very least, a conversation, then reasonable suspicion might have been established.
 {¶ 16} However, that is not the case before us. Instead, we have a single incident of Scales "waving down" a car and walking toward it. Prior to reaching the stopped vehicle, the police approached, the vehicle drove away, and Scales walked back to the sidewalk. There was nothing more to generate reasonable suspicion to justify the officers' stop and detention of Scales. In fact, no testimony was elicited from either officer that Scales made any furtive movements while approaching the car to support the officers' suspicions that a drug transaction was imminent.
 {¶ 17} "A person's mere presence in an area of high crime activity does not suspend the protections of the Fourth andFourteenth Amendments to the United States Constitution." Statev. Chandler (1989), 54 Ohio App.3d 92, 560 N.E.2d 832, paragraph two of the syllabus. Moreover, this court has previously held that an individual's walking toward an occupied car and then, upon observing the police, retreating from the scene, is not sufficient to justify an investigative stop, even in an area of high drug activity. State v. Fincher (1991),76 Ohio App.3d 721, 603 N.E.2d 329. See, also, State v. Crosby (1991),72 Ohio App.3d 148, 151, 594 N.E.2d 110; State v. Hewston (Aug. 2, 1990), Cuyahoga App. No. 59095; State v. Arrington (1990),64 Ohio App.3d 654, 582 N.E.2d 649.
 {¶ 18} Therefore, we cannot say that the officers had reasonable suspicion to stop and detain Scales because no specific or articulable facts exist to support the officer's contentions that a criminal activity was "afoot." Because the stop was unjustified, the search of Scales was also unjustified. The trial court erred in denying Scales' motion to suppress the evidence found on his person.
 {¶ 19} Accordingly, we sustain the assignment of error.
Judgment reversed, conviction vacated, and case remanded.
It is, therefore, ordered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. Concurs.
 Gallagher, J. Dissents (See Separate Dissenting Opinion)
 DISSENTING OPINION