JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's ruling granting defendant-appellee's motion to suppress drugs discovered during a traffic stop. The police received a tip from a confidential reliable informant ("CRI") that defendant would be driving a white Nissan Altima in the area of West 88th and Denison in the company of a Willie Owens. Because Owens had outstanding felony warrants, the police had been looking for him. Acting on the CRI's tip, two detectives drove to the area and indeed did see the white Altima at that location with defendant, who was known to them, behind the wheel. Although they could not be sure, they thought they saw a person sitting in the passenger's seat as well. They followed the Altima and finally called for a marked police car to stop the Altima at West 45th and Franklin. After the car pulled over, both detectives approached the car, one from the driver's side and the other from the passenger's. The first detective looked in and asked defendant to step out of the car. When complying, defendant made a furtive gesture to his mouth. The detective pulled him back from the car, and defendant gagged, spitting out two packages of drugs onto the ground.
 {¶ 2} Meanwhile, the other detective had approached the passenger's door and discovered that no one else was in the car. The police arrested defendant for possession of drugs. In a motion to suppress the drugs discovered during the traffic stop, defendant argued that the police had lacked probable cause to stop him. After a hearing, the trial court granted defendant's motion to suppress the evidence of drugs found during the stop. Appealing that decision, the state presents only one assignment of error:
THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED DURING A TRAFFIC STOP WHERE EVIDENCE DEMONSTRATED THAT REASONABLE SUSPICION TO CONDUCT THE STOP WAS BASED ON OFFICERS' INDEPENDENT CORROBORATION OF INFORMATION OBTAINED FROM A CONFIDENTIAL AND RELIABLE INFORMANT.
 {¶ 3} When an appellate court reviews a trial court's ruling on a motion to suppress, "the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v. Smith (1991),61 Ohio St.3d 284, 288, citation omitted. Thus if the trial court's findings of fact are supported by competent, credible evidence, the appellate court is bound to accept those facts as true. The appellate court must then independently determine whether, as a matter of law, those facts "meet the legal standard set forth in Terry v. Ohio (1968),392 U.S. 1." State v. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 4} The trial court found that the two detectives had acted on a tip from a CRI that defendant was harboring a fugitive and they maintained a surveillance of defendant. On the understanding that the fugitive was a passenger in defendant's car, the detectives radioed for a police cruiser to stop the car. The trial court specifically found that a detective "approached the driver's side, looked in and asked the defendant to step out." Tr. at 28. The court further found that "while exiting the car he placed objects in his mouth, gagged, and expelled them. Police recovered two objects believed to be crack cocaine from the ground. The defendant had been alone in the car." Tr. at 28. The defective "testified that the windows of the defendant's automobile were somewhat tinted and that the night was dark and raining." Tr. at 29.
 {¶ 5} In a motion to suppress, a defendant is challenging the seizure of evidence as violating the Fourth Amendment of the United States Constitution. If a defendant's right to be free of search and seizure were indeed violated, then the evidence obtained in that illegal search must be excluded. State v. Williams, Cuyahoga App. No. 81364, 2003-Ohio-2647, ¶ 7, citing Mapp v. Ohio (1961), 367 U.S. 643. The United States Supreme Court carved out an exception to theFourth Amendment right to be free of seizure: the police may make an investigative stop if they reasonably suspect that the person stopped is involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1.
 {¶ 6} A court assesses the propriety of this stop by viewing the totality of the circumstances. A police officer may stop a person to investigate "even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In assessing that conclusion, the officer `must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' [Terry] at 21." Statev. Andrews (1991), 57 Ohio St.3d 86, 87.
 {¶ 7} A traffic stop has been held to be analogous to a Terry stop. When evaluating the legality of a traffic stop, the United States Supreme Court noted:
Under the Fourth Amendment, we have held, a policeman who lacks probable cause but whose "observations lead him reasonably to suspect" that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to "investigate the circumstances that provoke suspicion." * * * "[The] stop and inquirymust be `reasonably related in scope to the justification for theirinitiation.'"
 {¶ 8} Berkemer v. McCarty (1984), 468 U.S. 420, 439, citations and footnotes omitted, emphasis added.
 {¶ 9} Although the police may ask suspects to exit the car for
 {¶ 10} their own safety, this limited intrusion does not justify any search which exceeds the scope necessary for police safety. Therefore,
* * * while the concern for officer safety in this context may justify the "minimal" additional intrusion of ordering a driver and passengers out of the car, it does not by itself justify the often considerably greater intrusion attending a full field-type search. Even without the search authority [the state] urges, officers have other, independent bases to search for weapons and protect themselves from danger. For example, they may order out of a vehicle both the driver, * * * and any passengers, * * *; perform a "patdown" of a driver and any passengers upon reasonable suspicion that they may be armed and dangerous, * * *; conduct a "Terry patdown" of the passenger compartment of a vehicle upon reasonable suspicion that an occupant is dangerous and may gain immediate control of a weapon, * * *; and even conduct a full search of the passenger compartment, including any containers therein, pursuant to a custodial arrest * * *.
 {¶ 11} Knowles v. Iowa (1998), 525 U.S. 113, 117-118. The Knowles
Court noted in that case that once the defendant had been stopped and given his ticket for speeding, no further evidence would be needed to prosecute the reason for the stop. Any further search for evidence of an unrelated crime, therefore, was not justified. Id. at 118.
 {¶ 12} In the case at bar, the drugs, found after the police realized that Owens was not in the car, were not reasonably related to the original justification for the stop, which was to apprehend Owens. Once the police saw that Owens was not in the car, their reason for the stop ended. At that point, the stop ceased to be reasonable and further detention became unlawful. Nor was there any independent basis to search as described in Knowles: there was no evidence the defendant "may be armed and dangerous." Although defendant already may have been ordered out of the car, once the detectives saw that Owens, whose presence in the car was necessary to justify their reasonable suspicion for the stop, was not there, they no longer had any right to detain or search defendant. Because the detectives lacked a reasonable suspicion after they stopped defendant and found him alone in the car, the trial court did not err in sustaining defendant's motion to suppress the drugs discovered during the traffic stop.
 {¶ 13} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, JR., P.J., and James J. Sweeney, J., concur.