JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Danyelle[1] Bey ("Bey"), appeals the trial court's denial of her motion to suppress evidence and argues, as her sole assignment of error, that the trial court denied her Fourth Amendment right to be free from unreasonable searches and seizures when it denied her motion to suppress.
 {¶ 2} At the suppression hearing, the state introduced Officer Saco ("Saco") of the Cleveland police department. Saco testified that while on patrol in a high crime area, he observed a car with fake license plates and its high beams on (in violation of the city's ordinance.) Saco stopped the vehicle, observed three people in the car, and ordered all people to place their hands where he could see them. When Saco approached the vehicle, he recognized the rear seat passenger as a known drug dealer whom he had arrested on at least two previous occasions. Saco also observed the front seat passenger, Bey, keeping one hand by her pants pocket and place something in the pocket. Bey did not comply with Saco's order of placing both hands in plain sight.
 {¶ 3} Saco testified that, for police safety, he ordered the people out of the car. Bey positioned her right hip and leg against the car, refusing to stand straight despite Saco's requests. Saco testified that Bey was wearing bulky cargo pants that had multiple pockets. Because Bey had been observed placing something in her pocket, Saco conducted a pat-down for his safety. Saco testified that he was "unable to get a good feel what was in her pocket or on that pocket from the outside of her pants due to the fact she kept moving and going to the car." In order to get a good feel, Saco further testified that he "reached into her pocket to see what she was concealing." He felt a piece of paper wrapped around two small, hard pea-sized objects, which Saco, based on his experience, suspected was rock cocaine. Saco pulled out the item and observed the rock cocaine wrapped in a Now Later candy wrapper. Bey was later arrested for and charged with drug possession.
 {¶ 4} Bey argues that Saco's pat-down was an unreasonable search because he did not have a reasonable suspicion, based on articulable facts, that Bey was armed and dangerous. Bey further argues that her "furtive movements" were insufficient for Saco to conduct a pat-down. Here, however, based on the totality of the circumstances, there was much more than simply Bey's "furtive movements" that warranted Saco's pat-down. For instance, Bey refused to place her hands in plain sight when ordered to do so, put something in her pocket, refused to position part of her body away from the police car, and was accompanied by a known drug dealer. As testified by Saco, he ordered the people out of the car for his safety, and conducted a pat-down of the pocket Bey was observed placing something into.
 {¶ 5} Although it is well-settled that an officer need not ignore contraband should he discover it while conducting a legitimate Terry
search, if the incriminating character of the object is not "immediately apparent" to the officer, any further, warrantless search violates the Fourth Amendment. Minnesota v. Dickerson (1993), 508 U.S. 366, 379,113 S.Ct. 2130, 124 L.Ed.2d 334 (holding that the officer conducted an unreasonable search and seizure when he manipulated the "lump" he felt in the accused's pocket to determine it was contraband.) Here, it is patently clear from Saco's testimony that he could not determine the incriminating character of the object until he reached into Bey's pocket and conducted a further, non-Terry search, by opening the Now Later candy wrapper to find suspected rocks of crack cocaine. Without Saco manipulating the candy wrapper, there would have been no contraband. Although Saco was lawfully in position to feel the object in Bey's pocket (because Terry entitled him to place his hands upon Bey's pants), the incriminating character of the object was not immediately apparent to him. Thus, the trial court erred in denying Bey's motion to suppress evidence. Bey's sole assignment of error is sustained and the trial court's denial is reversed.
Judgment reversed.
This cause is reversed for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, A.J., CONCURS. ANN DYKE, J., DISSENTS WITHOPINION.
[1] Despite the fact that there are filings in the record with Bey's first name as both "Dannyelle" and "Danyelle," this court will follow the spelling of Bey's first name as it appears on the notice of appeal, as well as the lower court docket, which is "Danyelle."
 DISSENTING OPINION