JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Darnell Harrell, appeals the trial court's denial of his motion to suppress and subsequent convictions for drug possession and possession of criminal tools following his no contest plea.
 {¶ 2} On October 3, 2005, Cleveland police officers were on duty in the area of East 105th Street, an area known for high drug activity. As one officer acted as a lookout, another drove a confidential reliable informant (CRI) in an unmarked car and dropped him off down the street from a store. As the CRI approached the store, the officers observed a male, later identified as Jerome Valentine, approach the CRI and engage him in conversation. While the two men spoke, police observed appellant approach Valentine and the CRI and remain in close proximity, approximately two feet away and facing them. The officers then observed a hand-to-hand exchange between the CRI and Valentine while appellant stood next to them watching.
 {¶ 3} After the exchange, the CRI returned to the undercover vehicle and the officers radioed to the take-down officers in the area the description of Valentine and appellant and the details of the transaction. These officers stopped Valentine and appellant and patted down both men. While patting down appellant, officers found and seized from appellant's waistband a folded-up piece of paper containing a rock of crack cocaine. Appellant was arrested and cash in the amount of $119 was found in his possession. *Page 4 
 {¶ 4} Appellant was indicted on one count of drug possession in violation of R.C. 2925.11 and one count of possession of criminal tools (money) in violation of R.C. 2923.24. Appellant entered a plea of not guilty, and filed a motion to suppress the drugs police seized from him. After the hearing held on appellant's motion to suppress, the trial court denied the motion and appellant entered a plea of no contest to both charges. Appellant appeals his conviction and presents three assignments of error for our review.
 I {¶ 5} In his first assignment of error, appellant asserts that the trial court erred in denying his motion to suppress. Appellant argues that the police lacked the necessary reasonable suspicion that criminal activity was occurring to justify stopping him because they did not see an exchange take place involving him. Secondly, appellant argues that the pat-down search was not justified and was improperly done.
 {¶ 6} This court has previously explained the standard for reviewing such a motion:
 {¶ 7} "A motion to suppress evidence seeks to challenge the arrest, search or seizure as somehow being in violation of the Fourth Amendment of the United States Constitution. The principal remedy for such a violation is the exclusion of evidence from the criminal trial of the individual whose rights have been violated. See Katz, Ohio Arrest, Search and Seizure (2001) 31, Section 2.1. Exclusion is mandatory *Page 5 
under Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 86 Ohio Law Abs. 513, when such evidence is obtained as a result of an illegal arrest, search or seizure. In reviewing a trial court's ruling on a motion to suppress, we accept the trial court's findings of fact `if they are supported by competent, credible evidence.' State v.Retherford (1994), 93 Ohio App.3d 586, 592, 639 N.E.2d 498. Accepting these facts as true, we must then independently determine, as a matter of law and without deference to the trial court's conclusion, whether these facts meet the applicable legal standard. Id." State v.Williams, Cuyahoga App. No. 81364, 2003-Ohio-2647, at _7.
 {¶ 8} An investigative stop does not violate the Fourth Amendment to the United States Constitution if the police have reasonable suspicion that "the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez (1981), 449 U.S. 411, 417. Reasonable suspicion can arise from information that is less reliable than that required to show probable cause. Alabama v. White (1990), 496 U.S. 325,330. However, it requires something more than an "inchoate and unparticularized suspicion or hunch." Terry v. Ohio (1968), 392 U.S. 1,27. "The Fourth Amendment requires at least a minimal level of objective justification for making the stop." Illinois v. Wardlow (2000),528 U.S. 119, 123.
 {¶ 9} The propriety of an investigative stop by a police officer is viewed in light of the totality of the surrounding circumstances.State v. Bobo (1988), *Page 6 37 Ohio St.3d 177, at paragraph one of the syllabus; see, also, State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 10} The trial court heard the testimony of the Cleveland police officers who had observed the hand-to-hand exchange of money for drugs between the CRI and Valentine. The officers stated that although they did not view any physical exchange between the CRI and appellant, they did see appellant approach the CRI and Valentine and stand two feet away and watch while the drug transaction took place. The officers testified that usually "drug dealers work in packs" and that in their experience, this type of behavior indicated that appellant was a part of the drug sale operation being conducted, perhaps as a lookout. The trial court found the testimony of the officers to be reliable.
 {¶ 11} Accordingly, we find the circumstances described above, taken as a whole, created a reasonable suspicion that appellant had engaged in criminal activity and therefore, the officers' investigatory stop did not violate the Fourth Amendment.
 {¶ 12} Having found the stop lawful, we now address the lawfulness of the search. The Supreme Court of Ohio has stated: "[t]he right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed."State v. Evans (1993), 67 Ohio St.3d 405, 408. The police had a reasonable suspicion that appellant was involved in the drug trafficking going on in front of the store, therefore, we find the police were justified in patting down appellant for weapons under the circumstances. *Page 7 
 {¶ 13} In Minnesota v. Dickerson (1993), 508 U.S. 366, the United States Supreme Court held that police, conducting a lawfulTerry-type search, may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer through his sense of touch. Id. at 376. The Court said: "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." Id.
 {¶ 14} In this case, one of the officers testified that there was a brown piece of paper folded up and protruding slightly from the waistband of appellant's pants. The officer stated that it "felt like a little rock substance could be inside of a paper." He stated that, based upon his years of experience as a vice officer, when he felt the lumpy substance inside the paper wrapper he immediately thought it was crack cocaine.
 {¶ 15} Appellant relies upon this court's decision in State v.Bey, Cuyahoga App. No. 86234, 2005-Ohio-5842, for the premise that the "plain feel" exception to the warrant requirement does not apply in this case. In Bey, the police saw defendant put something in her pocket. The officer patted down the defendant but because he "could not get a good feel" of the object from the outside of the pants, he reached inside the pocket and felt the object prior to removing it. Upon removal, *Page 8 
the officer found rocks of crack cocaine hidden inside a candy wrapper. We stated, "it is patently clear from [the officer's] testimony that he could not determine the incriminating character of the object until he reached into [defendant's] pocket and conducted a further, non-Terry search, by opening the * * * candy wrapper to find suspected rocks of crack cocaine. Without [the officer] manipulating the candy wrapper, there would have been no contraband. Although [the officer] was lawfully in position to feel the object in [defendant's] pocket (becauseTerry entitled him to place his hands upon [defendant's] pants), the incriminating character of the object was not immediately apparent to him." Id. at_5.
 {¶ 16} The facts in this case distinguish it from Bey. There is no testimony in this case that the officer had to manipulate the wrapper to determine its content. He stated that he could feel the lump in the wrapper through the waistband and based on his experience knew immediately that it contained crack cocaine. Because Terry entitled the officer to place his hands on appellant's person, he was lawfully in position to feel the object in appellant's waistband. Since the incriminating character of the object was immediately apparent to him, the warrantless seizure of the contraband was justified. Thus, the trial court did not err in denying appellant's motion to suppress evidence. Appellant's first assignment of error is overruled.
 II *Page 9 {¶ 17} In his second assignment of error, appellant argues that the trial court erred by imposing a consecutive sentence without making the findings required by R.C. 2929.14(E)(4). In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found unconstitutional the statutory requirement that the court make findings of fact before it may impose consecutive sentences, and severed R.C. 2929.14(E)(4). After severance, judicial fact-finding is not required to impose consecutive sentences. Id. at _99. Therefore, we reject appellant's argument.
 {¶ 18} In recognition of the Foster decision and this court's recent decisions based upon Foster, and to preserve his rights on appeal, appellant raises due process and ex post facto arguments against the applicability of Foster to his case because his criminal conduct predates that decision. In State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, this court analyzed each of these arguments in great detail before concluding that the remedial holding of Foster does not violate a criminal defendant's due process rights or the ex post facto principles contained therein. We therefore reject appellant's arguments and overrule his second assignment of error.
 III {¶ 19} In his third assignment of error, appellant argues that the trial court abused its discretion by sentencing him to 22 months in prison. Appellant argues that although he was convicted of possessing criminal tools, the state failed to establish that the money seized was contraband, and so he was actually sentenced *Page 10 
to nearly two years for the offense of possessing one rock of crack cocaine. We find no merit to this argument.
 {¶ 20} Appellant was indicted on one count of possession of drugs and one count of possession of criminal tools, in this case money. Both are felony offenses. The indictment alleged all of the facts necessary to prove the charges, including that the money found under appellant's control was used in the commission of a felony. Appellant entered a plea of no contest to both criminal charges. A no contest plea is an admission of the facts contained in the indictment and waives the necessity for the prosecution to produce evidence to support the charges. Crim.R. 11(B)(2). See State v. Gilham (1988),48 Ohio App.3d 293; State v. Morales (1992), Cuyahoga App. No. 62075. The indictment in this case recites sufficient facts to support a conviction for possession of criminal tools, therefore, we reject appellant's contention that he was sentenced to 22 months solely on the drug possession charge.
 {¶ 21} As to the sentence imposed, each offense is a felony of the fifth degree, punishable by a prison term of six to twelve months in monthly increments. The sentence imposed of 11 months on each charge is within the statutory range for the offenses. As stated inFoster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster, supra, at paragraph seven of the syllabus. *Page 11 
 {¶ 22} Appellant argues that there is nothing in the record to show that the court considered any sentencing factors prior to imposing sentence. We disagree. The record shows that the journal entry memorializing the sentence states, "the court considered all required factors of the law" and "the court finds that prison is consistent with the purpose of R.C. 2929.11." The record also reflects that one of the factors considered by the trial court prior to sentencing was appellant's failure to report for the presentence investigation report interview as ordered by the court. Therefore, we find that the court did consider the statutory factors. There is no abuse of discretion. Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
 JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1