JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, William H. Carr, Jr. ("appellant"), appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} This case involves the traffic stop, and subsequent arrest, of appellant. According to the record, appellant was stopped by the police on June 27, 2006 while driving on U.S. Interstate 71 within the city limits of Strongsville, Ohio. Officer Derek Apo observed appellant's motor vehicle traveling at a high rate of speed and followed appellant's vehicle in his police car at a "pace" greater than, or equal to, 78 miles per hour. Subsequent to pacing his motor vehicle, Officer Apo stopped appellant for speeding.
 {¶ 3} After stopping appellant, Officer Apo approached appellant's vehicle and obtained his driver's license, registration, and proof of insurance. In addition, Officer Apo smelled an odor of burnt marijuana. As a result, and in the interest of his safety, Officer Apo asked appellant if he was in possession of any weapons and/or narcotics. After some dialogue, appellant admitted to possessing a loaded pistol under the driver's seat. Based on appellant's admission as to the loaded firearm, Officer Apo arrested appellant and secured him in the patrol car.
 {¶ 4} Officer Apo then conducted a vehicle inventory securing the following contraband: a loaded .44 caliber magnum handgun under the driver's seat; several *Page 4 
containers of prescription narcotics on the passenger seat (without the necessary prescriptions); and an 18-inch machete located behind the driver's seat.
 {¶ 5} On October 13, 2006, appellant was charged with possession of dangerous drugs in violation of R.C. 4729.51(C)(3). On November 9, 2006, appellant pled not guilty. On November 20, 2006, appellant filed a motion to suppress, which the trial court ultimately denied. On March 9, 2007, appellant changed his plea from not guilty to no contest and upon a finding of guilt was sentenced to the following: a fine of $150 plus costs, three days in jail, a six month driver's license suspension, and one year of probation. On March 29, 2007, appellant filed his notice of appeal with this court.
 II. {¶ 6} Appellant's first assignment of error provides the following: "The trial court erred in denying the defendant-appellant's motion to suppress; there was no reasonable suspicion to stop the defendant-appellant."
 {¶ 7} Appellant's second assignment of error provides the following: "The trial court erred in denying the defendant-appellant's motion to suppress; there was no probable cause to arrest the defendant-appellant. The stop and detention of the appellant was unlawfully prolonged without specific or articulable facts."
 {¶ 8} Appellant's third assignment of error provides the following: "The trial *Page 5 
court erred in failing to admit into evidence certain of the defendant-appellant's exhibits."
 {¶ 9} Appellant's fourth assignment of error provides the following: "The trial court erred in denying the defendant-appellant's motion to suppress, as the trial court failed to state its essential findings on the record."
 III. {¶ 10} Appellant argues that the lower court erred in denying his motion to suppress. Specifically, appellant argues in his first two assignments of error that there was no reasonable suspicion to stop appellant and no probable cause to arrest him. Due to the substantial interrelation between appellant's first and second assignments of error, we shall address them together below.
 {¶ 11} Our review of the trial court's decision to deny the motion to suppress is de novo. The Supreme Court of Ohio held in State v.Burnside, 100 Ohio St.3d 152, 154, 2003-Ohio-5372, as follows:
 "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.
 "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the *Page 6 
trial court, whether the facts satisfy the applicable legal standard." (Internal citations omitted.)
 {¶ 12} Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. See State v.McNamara (1997), 124 Ohio App.3d 706, 710, 707 N.E.2d 539. An appellate court is to accept the trial court's factual findings unless they are "clearly erroneous." State v. Long (1998), 127 Ohio App.3d 328, 332,713 N.E.2d 1. We are, therefore, required to accept the factual determinations of a trial court if they are supported by competent and credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7. The application of the law to those facts, however, is then subject to de novo review. Id.
 {¶ 13} The principles announced in Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, 44 Ohio Op.2d 383, are applied in order to determine whether police engaged in reasonable conduct in making a traffic stop. Berkemer v. McCarty (1984), 468 U.S. 420, 439,104 S.Ct. 3138, 82 L.Ed.2d 317; United States v. Hill (C.A.6, 1999), 195 F.3d 258;United States v. Bailey (C.A.6, 2002), 302 F.3d 652; State v.Scalmato, Cuyahoga App. No. 82576, 2003-Ohio-6617.
 {¶ 14} Under Terry, a law enforcement officer may briefly stop and detain an individual for investigative purposes if he has a reasonable suspicion supported by articulable facts that "criminal activity may be afoot." Terry v. Ohio, 392 U.S. at 30, 88 S.Ct. 1885, 20 L.Ed.2d 911; accord United States v. Sokolow (1989), 490 U.S. 1, 7, 109 S.Ct. 1581,104 L.Ed.2d 1. *Page 7 
 {¶ 15} We evaluate the legitimacy of Terry stops by engaging in a two-part analysis of the reasonableness of the stop. First, we must determine "whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to reasonable suspicion."United States v. Garza (C.A.6, 1993), 10 F.3d 1241, 1245; United Statesv. Hardnett (C.A.6, 1986), 804 F.2d 353, 356, certiorari denied (1987),479 U.S. 1097, 107 S.Ct. 1318, 94 L.Ed.2d 171. Second, we decide "whether the degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances." Id.
 {¶ 16} In this instance, we conclude that the stop of the vehicle was reasonable. First, there was a proper basis for the stop because Officer Apo established that appellant's vehicle was traveling at a high rate of speed. Officer Apo, by observation, and by following appellant in his police car at a "pace" greater than, or equal to, 78 m.p.h. in a 60-m.p.h. zone, determined that appellant was speeding. Second, the degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand, because, following the valid stop, Officer Apo smelled an odor of burnt marijuana, and appellant admitted that he had a loaded pistol under the driver's seat. Based on appellant's admission and in *Page 8 
the interest of his own personal safety, Officer Apo arrested appellant and secured him in the patrol car prior to conducting an inventory search.
 {¶ 17} The Ohio Supreme Court has held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no tangible evidence to justify a warrantless search of a vehicle."State v. Moore, 90 Ohio St.3d 47, 48, 2000-Ohio-10; State v.Hubbard, Cuyahoga App. No. 83385, 2004-Ohio-4498.
 {¶ 18} Here, circumstances such as appellant's excessive speed, the burnt marijuana smell, and the loaded gun under the driver's seat provided Officer Apo with reasonable suspicion and probable cause.
 {¶ 19} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 20} Appellant argues in his third and fourth assignments of error that the trial court failed to admit certain exhibits and state essential findings on the record.
 {¶ 21} In State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, the Ohio Supreme Court held the admission of evidence is addressed to the broad discretion of the trial court, and a reviewing court shall not disturb evidentiary decisions in the absence of abuse of discretion resulting in material prejudice. The Supreme Court has repeatedly held the term "abuse of discretion" implies the trial court's attitude is *Page 9 
unreasonable, arbitrary, or unconscionable. See, also, State v.Benson, Cuyahoga App. No. 87655, 2007-Ohio-830.
 {¶ 22} The lower court admitted the traffic citation that Officer Apo issued to appellant on June 27, 2006 as defendant's Exhibit 1. The citation was the basis for the investigatory stop and resulting arrest which subsequently took place. In addition, Officer Apo offered substantial testimony establishing a prima facie case against appellant. Appellant's trial counsel was given the opportunity to cross-examine and, in fact, did cross-examine Officer Apo as to the events and circumstances surrounding appellant's stop and subsequent arrest on June 27, 2006.
 {¶ 23} The court's decision to not admit Officer Apo's reports in this case was well within the discretion of the trial court and did not prejudice appellant. Moreover, appellant failed to proffer any evidence demonstrating that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. We find no abuse of discretion on the part of the trial court, nor do we find any error on the part of the trial court concerning its findings on the record.
 {¶ 24} Appellant also argues that the lower court's ruling denying his motion to dismiss is lacking pursuant to Crim.R. 12. Crim.R. 12(F) states:
 "(F) Ruling on motion. *Page 10 
 "The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means.
 "A motion made pursuant to divisions (C)(1) to (C)(5) of this rule shall be determined before trial. Any other motion made pursuant to division (C) of this rule shall be determined before trial whenever possible. Where the court defers ruling on any motion made by the prosecuting attorney before trial and makes a ruling adverse to the prosecuting attorney after the commencement of trial, and the ruling is appealed pursuant to law with the certification required by division (K) of this rule, the court shall stay the proceedings without discharging the jury or dismissing the charges.
 "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." (Emphasis added.)
 {¶ 25} The lower court stated the following on the record:
 "I'm going to find that the-after considering the motion to suppress and considering all the evidence, the testimony and the exhibits presented, the court finds that the officer did have reasonable and articulable suspicion to stop, and that was the speed. I don't have any doubt that was legitimate. And the probable cause to arrest as a result of smell leading to the admission of the gun and then the finding of the gun was just a constitutional — (inaudible). So the motion to suppress is denied."[1]
 {¶ 26} Appellant argues that the lower court findings were insufficient. However, a review of the lower court's findings demonstrates that the court did provide its essential findings. The record demonstrates that the trial court found reasonable suspicion to stop appellant based upon his traffic violation. In addition, the court found that there was probable cause to arrest appellant, because Officer *Page 11 
Apo smelled burnt marijuana upon approaching appellant's vehicle just before appellant admitted to unlawfully possessing a loaded firearm. Accordingly, we find no error on the part of the trial court and overrule appellant's third and fourth assignments of error.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Mtn. tr. at p. 42. *Page 1