JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Joshua Tucker ("defendant"), appeals the trial court's decision that denied his motion to suppress evidence. For the reasons that follow, we reverse defendant's conviction, vacate his sentence, and remand for further proceedings.
 {¶ 2} The following facts were set forth during the trial court's hearing on defendant's motion to suppress:
 {¶ 3} On October 12, 2006, Officer Johnson of the Warrensville Heights police department responded to a reported armed robbery in the area of Midway and Lanbury. He spoke to the victim, who described being held at gunpoint by two males who stole all of his clothing. The victim described one suspect as a black male, wearing a gray hooded sweatshirt, blue jean pants, and tan boots. The victim stated that the suspects ran southbound on Midway, which is in the direction of Ridgewood. Officer Johnson relayed the description over the radio to other responding officers. Two minutes later, Officer Thomas responded that he had a possible suspect fitting the description. He was five blocks away from the scene at Midway and Ridgewood.
 {¶ 4} Officer Thomas held the suspect at gunpoint until Thomas arrived and handcuffed him.
 {¶ 5} Officer Thomas testified that he was looking for suspects fitting the description when he saw an individual with blue jeans and a gray sweatshirt at Ridgewood and Midway. This location was only four or five streets away from where *Page 4 
the robbery occurred. The suspect was also wearing tan boots. Officer Thomas identified defendant as the suspect.
 {¶ 6} Officer Thomas told defendant he was looking for a robbery suspect. Defendant said he had just walked outside from his house and was cleaning out his car. Officer Thomas instructed him to put his hands on the car so he could search for weapons. Defendant continued to take his left hand off of the car and reach down towards his waistband. Defendant did this three or four times. Having had to give several orders to defendant to keep his hands on the car, Officer Thomas decided to hold defendant at gunpoint until his backup arrived. Defendant was nervous and his voice was "kind of sketchy."
 {¶ 7} Officer Johnson handcuffed defendant and Officer Thomas proceeded to search defendant for weapons. Officer Thomas found 17 bags of rock crack cocaine and a bundle of plastic baggies in his rear right pocket. Defendant did not have a gun. Ultimately, the robbery victim said that defendant was not the suspect. However, defendant was arrested for drug possession. He was later indicted in this case for drug possession, drug trafficking, and possession of criminal tools.
 {¶ 8} Subsequently, defendant pled no contest, was found guilty, and commenced this timely appeal. We address the assignments of error together because they are interrelated.
 {¶ 9} "I. The trial court erred in denying appellant's motion to suppress as the police officer's stop and frisk were in violation of the Fourth and *Page 5 Fourteenth Amendments to the United States Constitution and Article I, Sections 10
and 16 of the Ohio Constitution.
 {¶ 10} "II. The trial court erred in denying appellant's motion to suppress in violation of the Fourth and Fourteenth Amendments to the United States Constitution when no probable cause existed to justify the interior search of appellant's pant pocket as the `bulge' felt during the pat-down could not have been mistaken for a gun."
 {¶ 11} "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973),34 Ohio St.2d 250. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990),55 Ohio St.3d 71. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v.Claytor (1993), 85 Ohio App.3d 623, 627." State v. Curry (1994),95 Ohio App.3d 93, 641 N.E.2d 1172.
 {¶ 12} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967),389 U.S. 347. An investigative stop, or "Terry stop," is a common exception to the Fourth Amendment warrant requirement. Terry v.Ohio (1968), 392 U.S. 1. *Page 6 
 {¶ 13} A law enforcement officer may properly stop an individual under the Terry-stop exception if the officer possesses the requisite reasonable suspicion based on specific and articulable facts.Delaware v. Prouse (1979), 440 U.S. 648, 653; State v. Gedeon (1992),81 Ohio App.3d 617, 618; State v. Heinrichs (1988), 46 Ohio App.3d 63.
 {¶ 14} Police may stop and question a person if there are reasonable grounds to believe that the person is wanted for past criminal conduct, is currently engaged in criminal conduct, or will in the future be involved in a crime. U.S. v. Cortez (1981), 449 U.S. 411, 417. Whether reasonable grounds for a stop exist, must be viewed in light of the totality of the circumstances. London v. Edley (1991),75 Ohio App.3d 30, 32.
 {¶ 15} During a Terry stop, an officer may perform a "pat down" search for weapons. The purpose of this limited search is to allow an officer to pursue his or her investigation without fear of violence; it is not intended to provide the officer with an opportunity to ascertain evidence of a crime. State v. Evans (1993), 67 Ohio St.3d 405, 408. When police officers are conducting a lawful Terry search for weapons, they may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer through the sense of touch. Id. at 414, fn. 5, citing Minnesota v. Dickerson (1993),508 U.S. 366.
 {¶ 16} Here, the evidence justified both the officer's stop and patdown search of defendant. Defendant was stopped minutes after an armed robbery occurred five *Page 7 
blocks away, and his clothing matched that of one of the suspects. The officer feared for his safety due to the fact of the armed robbery and that the defendant kept reaching for his waistband. Therefore, the first assignment of error is overruled.
 {¶ 17} However, in order to justify the seizure of the drugs, the State had to present some evidence that its incriminating nature was "immediately apparent" to the searching officer. There is no such evidence. The officer simply testified that "as we were searching [defendant] we found 17 bags of rock crack cocaine, and we found a bundle of plastic baggies in his right rear pocket." This is insufficient to satisfy the plain feel exception. See State v. Bey, Cuyahoga App. No. 86234, 2005-Ohio-5842. Contrary to the State's assertion, the record reflects that defendant was not under arrest at the time the officers conducted the patdown search for weapons. Accordingly, the seizure cannot be justified as being a search incident to a lawful arrest. The second assignment of error is sustained.
 {¶ 18} Defendant's conviction is reversed, sentence vacated, and case remanded for further proceedings.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR. *Page 1