JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Terrelli Franklin (Franklin), appeals the trial court's denial of his motion to suppress. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On December 21, 2006, a Cuyahoga County Grand Jury indicted Franklin on one count of drug trafficking, a felony of the fifth degree.
 {¶ 3} The facts giving rise to the instant case occurred on December 3, 2006, in the Kinsman Eagle Super Market (Market) parking lot at 7515 Kinsman Road in Cleveland, Ohio, at approximately 4:30 p.m. Cleveland Police Officer Joseph Markey (Markey) observed Franklin engage in a hand-to-hand exchange with another individual. When Franklin saw Markey and his partner, Cleveland Police Officer Roberts (Roberts), approach in their police car, he walked toward the Market and put something in his pocket.
 {¶ 4} Markey and Roberts stopped Franklin inside the Market and asked him to go outside with them. (Tr. 10.) Franklin complied, and Roberts began An officer's safety pat-down search of Franklin. (Tr. 10.) When Roberts reached Franklin's pockets, Franklin said something to the effect of: "You got me. I got what you're looking for in this pocket here." (Tr. 10, 24, 37, 38, 46-47.) Although Roberts did not retrieve any weapons, he did retrieve thirteen plastic baggies of suspected marijuana as a result of the pat-down. (Tr. 10-11.) *Page 4 
 {¶ 5} On May 4, 2007, Franklin filed a motion to suppress evidence, arguing that there lacked reasonable suspicion to stop and search him. On May 23, 2007, the trial court conducted a hearing on the matter and denied Franklin's motion.
 {¶ 6} On August 29, 2007, Franklin pleaded guilty to drug trafficking as charged.
 {¶ 7} On October 22, 2007, the trial court sentenced Franklin to two years of community control sanctions.
 {¶ 8} Franklin appeals, asserting two assignments of error for our review. In the interest of judicial economy, we address these assignments of error together.
 {¶ 9} ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred in violation of the Fourth and Fifteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when it denied Mr. Franklin's motion to suppress because there was no reasonable suspicion to believe that Mr. Franklin was engaged in drug trafficking at the time he was detained by police."
 {¶ 10} ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when it denied Mr. Franklin's motion to suppress because assuming arguendo that Mr. Franklin was properly detained, there was still no reasonable suspicion to believe that *Page 5 Mr. Franklin possessed a weapon on his person." (Emphasis in original.)
 {¶ 11} Franklin argues that the trial court erred when it denied his motion to suppress because there was no reasonable suspicion that he was engaging in drug trafficking when he was detained. Franklin also argues that the trial court erred when it denied his motion to suppress because there was no reasonable suspicion that Franklin was in possession of a firearm after he was detained.
 {¶ 12} The standard of review regarding motions to suppress is set forth by the Ohio Supreme Court as follows:
 "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.
 Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." State v. Burnside (2003), 100 Ohio St.3d 152. (Internal citations omitted.)
 {¶ 13} Thus, "[o]ur review of the trial court's decision to deny the motion to suppress is de novo." City of Strongsville v. Carr, Cuyahoga App. No. 89666, 2008-Ohio-907.
 {¶ 14} "An investigative stop does not violate the Fourth Amendment to the United States Constitution if the police have a reasonable suspicion that `the person stopped is, or is about to be, engaged in criminal activity.'" State v. Harrell, *Page 6 
Cuyahoga App. 89015, 2007-Ohio-5322, quoting United States v.Cortez (1981), 449 U.S. 411.
 {¶ 15} Further, the United States Supreme Court has held that: "Probable cause means a fair probability that contraband or evidence of a crime will be found, and the level of suspicion required for a Terry stop is obviously less demanding than for probable cause." Alabama v.White (1990), 496 U.S. 325. (Internal citation omitted.) The United State Supreme Court has held that:
 "[I]n determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or `hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Terry v. Ohio (1968), 392 U.S. 1.
 {¶ 16} We have held that under Terry:
 "Both the stop and seizure must be supported by a reasonable suspicion of criminal activity. Consequently, the state must point to specific and articulable facts that reasonably suggest criminal activity. Inarticulable hunches, general suspicion, or no evidence to support the stop and frisk is insufficient as a matter of law. Additionally, when an officer uses a show of authority and commands a person to adhere to an order to stop, the command to stop constitutes a Fourth Amendment seizure under Terry." State v. Smith, Cuyahoga App. No. 89432, 2008-Ohio-2361.
 {¶ 17} Further, "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 18} Markey testified that the area in which they arrested Franklin is a known drug area. (Tr. 21-22.) Markey observed Franklin in a hand-to-hand exchange with another individual. (Tr. 22.) Roberts saw Franklin put an object into his pocket and *Page 7 
proceed inside the Market. Markey testified that it is common practice for drug dealers to walk into the store or take off when a police car comes near, as Franklin did in this case by entering the Market. (Tr. 23.) Markey further testified that he performed the "pat down on him for our protection." (Tr. 24.) Regarding the officers searching Franklin: "The right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." State v. Evans (1993), 67 Ohio St.3d 405.
 {¶ 19} Franklin cites to State v. Smith, Cuyahoga App. No. 89432,2008-Ohio-2361, in support of his contention that the officers did not have a reasonable suspicion to support his detention. Franklin also argues that pursuant to Smith, the officers' search of his person was not supported by law. However, Smith is distinguishable from the instant case because the Smith court found that the officers lacked reasonable suspicion to detain Smith in order to run a warrant check.
 {¶ 20} In viewing the totality of the surrounding circumstances, we find that the officers had reasonable suspicion to stop Franklin and, thus, the officers' stop did not violate Franklin's constitutional rights. Further, we find that the officers did not violate Franklin's constitutional rights when they patted him down for their own safety.
 {¶ 21} This is so because the officers encountered Franklin in a known drug area, Markey saw Franklin engage in a hand-to-hand exchange, Roberts saw Franklin put an object into his pocket and proceed into the Market, it is common practice for drug dealers to walk into a store or take off when police approach, the *Page 8 
officers suspected Franklin of drug trafficking, and Franklin told the officers: "You got me. I got what you're looking for in this pocket here." (Tr. 10, 24, 37, 38, 46-47.)
 {¶ 22} Therefore, the trial court did not err when it denied Franklin's motion to suppress. Franklin's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1