JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Brandon Hope (Hope), appeals the trial court's denial of his motion to suppress. After reviewing the parties' arguments and pertinent case law, we reverse Hope's conviction, vacate his sentence, and remand for further proceedings.
 {¶ 2} On March 27, 2007, a Cuyahoga County Grand Jury indicted Hope on one count of carrying a concealed weapon, one count of having a weapon while under disability, and one count of receiving stolen property.
 {¶ 3} The facts giving rise to the instant case occurred on March 15, 2007, in the middle of the afternoon, at the corner of East 99th Street and St. Clair Avenue, in Cleveland, Ohio. Cleveland Police Officers Kennedy Jones (Jones) and Jerry Tucker (Tucker) were in their patrol car and observed Hope and two other individuals for approximately one minute. Jones possessed fifteen years of experience as an officer at the time of the hearing and had made thousands of prior drug arrests.
 {¶ 4} Jones believed, based upon his extremely brief observation on March 15, 2007, that the three individuals were engaged in drug-related activity. He observed two of the individuals nodding their heads, waving, and walking back and forth. (Tr. 12.) He did not recall if he specifically saw Hope engaged in this behavior, only that Hope was in the area. (Tr. 14.)
 {¶ 5} Jones and his partner approached the three individuals and got out of their patrol car. Jones testified that, "[m]y partner came up behind him and it is *Page 4 
standard for us to ask before we touch anybody — we're trained that way in the academy — do you have weapons, knifes [sic], needles, anything that will stick me, poke me, cut me," to which Hope answered affirmatively. (Tr. 15-16.)
 {¶ 6} Jones further testified:
"Q. Where were his hands at that time?
A. On the police car. He walked to the police car. He knew what we wanted. He went to the car, put his hands on the car and the conversation happened while his hands were on the car.
Q. That is when he admitted he had a weapon?
A. Yes." (Tr. 16.)
 {¶ 7} On April 17, 2007, Hope filed a motion to suppress. On July 25, 2007, the matter proceeded to a hearing and the trial court denied Hope's motion to suppress.
 {¶ 8} On January 16, 2008, the matter proceeded to a jury trial. On January 17, 2008, the jury found Hope guilty of carrying a concealed weapon and guilty of having a weapon while under disability. The court dismissed the receiving stolen property charge.
 {¶ 9} On February 14, 2008, the trial court sentenced Hope to thirty-six months of community control sanctions.
 {¶ 10} Hope appeals, and asserts one assignment of error for our review.
ASSIGNMENT OF ERROR "Officer Jones engaged in an unconstitutional Terry stop' of the appellant without reasonable and articulable suspicion that a crime had been committed." *Page 5 
 {¶ 11} Hope argues that the trial court erred when it denied his motion to suppress because the arresting officer lacked a reasonable and articulable suspicion that a crime had been committed.
 {¶ 12} The standard of review regarding motions to suppress is set forth by the Ohio Supreme Court as follows:
 "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.
 Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372. (Internal citations omitted.)
 {¶ 13} Thus, "[o]ur review of the trial court's decision to deny the motion to suppress is de novo." City of Strongsville v. Carr, Cuyahoga App. No. 89666, 2008-Ohio-907.
 {¶ 14} "An investigative stop does not violate the Fourth Amendment to the United States Constitution if the police have a reasonable suspicion that `the person stopped is, or is about to be, engaged in criminal activity.'" State v. Harrell, Cuyahoga App. No. 89015, 2007-Ohio-5322, quoting United States v. Cortez (1981), 449 U.S. 411.
 {¶ 15} Further, the United States Supreme Court has held that: "Probable cause means a fair probability that contraband or evidence of a crime will be found, *Page 6 
and the level of suspicion required for a Terry stop is obviously less demanding than for probable cause." Alabama v. White (1990),496 U.S. 325. (Internal citation omitted.) The United States Supreme Court has held that:
 "[I]n determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or `hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Terry v. Ohio (1968), 392 U.S. 1.
 {¶ 16} Under Terry, we have held:
 "Both the stop and seizure must be supported by a reasonable suspicion of criminal activity. Consequently, the state must point to specific and articulable facts that reasonably suggest criminal activity. Inarticulable hunches, general suspicion, or no evidence to support the stop and frisk is insufficient as a matter of law. Additionally, when an officer uses a show of authority and commands a person to adhere to an order to stop, the command to stop constitutes a Fourth Amendment seizure under Terry." State v. Smith, Cuyahoga App. No. 89432, 2008-Ohio-2361.
 {¶ 17} Further, "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 18} In Terry, the arresting officer observed two suspects walk back and forth in front of the jewelry store almost a dozen times, looking in the windows as if casing the store for ten to twelve minutes.Terry at 6.
 {¶ 19} The instant case is distinguishable from Terry. Jones's total observation of Hope was for approximately one minute. Jones did not see a hand-to-hand transaction, did not see Hope approach any cars, and did not see Hope stuff anything into his pockets or make any furtive movements. *Page 7 
 {¶ 20} Hope was standing at the corner of East 99th Street and St. Clair Avenue, a known drug area. However, presence in a known drug area does not suspend Fourth and Fourteenth Amendment rights. State v.Chandler (1991), 54 Ohio App.3d 92.
 {¶ 21} Hope stood on the corner with two other individuals in the middle of the afternoon. Jones observed only two of the individuals, for approximately one minute, head nodding, waving, walking back and forth, and looking into cars. Hope was merely in the area.
 "[T]his court has previously held that an individual's walking toward an occupied car and then, upon observing the police, retreating from the scene, is not sufficient to justify an investigative stop, even in an area of high drug activity." State v. Simmons, Cuyahoga App. No. 89309, 2007-Ohio-6636. (Internal citations omitted.)
 {¶ 22} When police approached, the two other individuals walked away, but Hope remained. Jones asked Hope if he carried any weapons, to which he responded affirmatively. Jones retrieved a firearm but not any drugs from Hope's person.
 {¶ 23} In viewing the propriety of the investigative stop in light of the totality of the circumstances, we cannot find that the police had reasonable suspicion to stop and search Hope, as there were not specific or articulable facts to reasonably suggest any criminal activity. As such, we find that the trial court erred when it denied Hope's motion to suppress.
 {¶ 24} Hope's sole assignment of error is sustained. We reverse Hope's conviction, vacate his sentence, and remand for further proceedings. *Page 8 
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and MELODY J. STEWART, J., CONCUR. *Page 1